OPINION OF THE COURT
Burton B. Roberts, J.
This defendant has moved this court to recuse the Assistant District Attorney assigned to the prosecution of this case. The defendant claims that he is entitled to this relief because the Assistant District Attorney questioned the defendant following his arrest and she intends to introduce the stenographic record of that interrogation into evidence. Indeed, the defend *827 ant contends that he is considering calling her as a witness for the defendant at trial.
Before dealing with the legal issues raised by the defendant’s motion it would be helpful to briefly state the events preceding and leading up to this motion.
Early on the morning of April 13, 1977 a young taxi driver, Richard Kornblatt, was shot and killed in his cab on East 35th Street in Manhattan. Two men were seen running from the cab moments after the shooting. One of them discarded a gun as he ran. A gun was recovered by police near the scene of the shooting.
The following day, acting on a tip, detectives assigned to the case spoke to two men. These two men stated that the defendant had admitted to them that he and a Ronald Ruocchio had been involved in the shooting of a cab driver in Manhattan.
At 10:00 p.m. on April 13, the police took the defendant into custody and brought him down to the first homicide zone office. There, the defendant was advised of his constitutional rights by Detective Dominick Scarcella and agreed to discuss the case.
The defendant then made admissions that substantially amounted to a confession of felony murder — having participated in the attempted robbery of the taxi driver Richard Kornblatt, who was shot during the course of the attempted robbery.
This statement was reduced to writing by Detective Scarcella and then signed by the defendant.
Detective Scarcella then called the New York County District Attorney’s office. In response, Assistant District Attorney De Grazia went to the First Homicide Zone office where the defendant was being held.
Although Ms. De Grazia arrived at the police station shortly before 1:00 a.m. on April 14, 1977, she did not question the defendant until sometime shortly after 3:00 a.m. when a stenographer from the District Attorney’s office finally arrived.
At that time the Assistant District Attorney spoke to the defendant. She fully advised the defendant of his constitutional rights. The defendant again stated that he understood his rights and that he wished to discuss the killing of the cab driver.
The defendant then gave the Assistant District Attorney *828 substantially the same inculpatory statement that he had previously given to Detective Scarcella. This statement to Assistant District Attorney De Grazia was recorded steno-graphically.
A Huntley hearing was held and the motion to suppress these statements was denied. At the Huntley hearing, the prosecutor was called as a defense witness.
The defense attorney has indicated that he may again seek to call the prosecutor as a witness on behalf of the defendant.
The following legal issues are thus raised for the court’s consideration: (1) Does the fact that a prosecutor takes a statement from a defendant automatically disqualify him from trying a case by that very fact? (2) Does the fact that a prosecutor may be called as a witness automatically disqualify him from trying the case? (a) Does it matter for which side the prosecutor testifies? (b) What ethical considerations are involved in calling an adverse party’s attorney as a witness?
Under the Code of Professional Responsibility as promulgated by the American Bar Association and adopted by the New York State Bar Association if "a lawyer learns or it is obvious that he * * * ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial” (DR 5-102 [A]).
This particular rule is addressed to the obvious ethical problem of an attorney who not only acts as an advocate for a client, but also as a witness for the client. In a civil case the advocate witness because of his obvious stake in the outcome is less likely to appear truthful. This conduct therefore would tend to lessen respect for the profession. In a criminal case, there is yet another problem. That is the possibility of prejudice to the defendant because a juror may be more inclined to believe the prosecutor/witness as a result of his status as a quasi-judicial officer. (See Jennings Co. v Di Genova, 107 Conn 491, 498-499.)
Thus, if a prosecutor knows or thinks that he may be called as a witness for the People, he should sua sponte, disqualify himself from conducting the trial of the case.[1]
In the instant case the prosecutor states that she does not intend to be called as a witness on behalf of the People, but defense counsel indicates that he may call her as a defense *829 witness. Only a few courts have dealt with the propriety of a defense attorney calling opposing counsel as a witness and then moving to disqualify that counsel. Note 31 to canon 5 of the Code of Professional Responsibility, citing Galarowicz v Ward (119 Utah 611, 620), states, inter alia, "[canon 5] * * * was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.” And as the Supreme Court of Utah noted (p 620), "[t]here surely should be no great harm in a lawyer knowing something about the subject matter of the law-suit or concerning which he is questioning a witness.”
Similarly, in Matter of Mehler (57 Misc 2d 122, 124), the court, in denying an application to have counsel removed from the case held: "[0]ne party has no right to force another party to discharge the latter’s counsel merely by contending that he may be called as a witness” (emphasis supplied).
Here, defense counsel contends that Ms. De Grazia’s testimony would be relevant on the issue of the voluntariness of the defendant’s admissions (essentially a confession) made to the police and, subsequently, to Ms. De Grazia herself.
Now, certainly, a prosecutor has no privilege exempting him from giving testimony if he has relevant evidence on a material issue. However, if the testimony is neither relevant nor material, the court will not allow defendant’s counsel to raise the possibility of calling the prosecutor as a witness merely to disqualify him from the trial of the case.
Here, the court has heard the putative testimony at the Huntley hearing, since Ms. De Grazia was called as a witness by the defendant during the hearing. It is sufficient to note that nothing in Ms. De Grazia’s testimony helps to advance defendant’s contention that his statement was involuntary. Quite the contrary, the prosecutor’s testimony directly refutes the defendant’s contentions that his admissions were involuntary. Moreover, counsel for the defendant has stated that the defendant does not contest the accuracy of the transcript of the defendant’s statement. This, of course, further reduces whatever relevancy the prosecutor’s testimony might provide.[2]
Evidence is relevant when, "it logically renders the existence of a material fact more likely or probable than it would *830 be without the evidence.” (Richardson, Evidence [10th ed], § 4, p 3.) As judged by this standard, Ms. De Grazia’s testimony is not relevant on the issue of voluntariness. Nor has defense counsel suggested other issues on which her testimony would be probative or relevant.
Thus, this court finds that there is nothing in defendant’s motion which is sufficient to invoke canon 5.
In so ruling, this court is aware of the decision of its learned colleague, Justice Leff, in People v Colon (NYLJ, June 13, 1977, p 11, col 2). However, to the extent that there is a suggestion in People v Colon that a prosecutor should automatically disqualify himself from the trial of a case merely because he has taken a statement from a defendant, this court finds itself unable to agree with Justice Leff. Indeed to the extent that People v Colon is based on State v Hayes (473 SW2d 688 [Mo]), and cases cited therein, its result would appear to be based on the factual situation where a prosecutor calls himself as a witness. This is not the case here, since the prosecutor has affirmatively stated that she will not be called as a witness for the People and there is no reason for her to believe that she will testify for the defendant, since she possesses no relevant testimony for the defendant.
Additionally, in rejecting this motion, the court takes cognizance of the fact that there are presently approximately 250 cases pending in New York County in which statements have been taken of defendants by prosecutors, who, by and large, are then assigned the trial of these cases.
It is not the function of this court to tell a District Attorney’s office which assistants should or should not be assigned to the trial of cases. These are policy decisions which do not concern a court unless canon 5 is in danger of being violated.[3]
Thus as seen in the above analysis there should be more than the mere taking of a statement by a prosecutor and more than the mere possibility that opposing counsel may call the prosecutor. There must be some likelihood (1) that the prosecutor will be called; and (2) that the testimony will be relevant —tending to establish the contention of the side for whom it is being offered. If these criteria are met, then, by all means the *831 prosecutor should disqualify himself from the trial of the case. In this case the afore-mentioned criteria are not met.
The defendant’s motion is denied.

. It might be noted that there are some exceptions, not pertinent here, to the rule above. (See DR 5-102 [A].)

. This eliminates from this court’s consideration the defendant’s contention, that by introducing a “Q and A statement” in which the trial assistant was the interrogator, she in effect vouches for the credibility of the contents of the statement sought to be introduced.

. The court wishes to thank both the prosecutor and defense counsel for their efforts in supplying this court with information concerning the varying practices of local prosecutors and the number of cases in which this issue might potentially arise.