731 P.2d 1344
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Grant Louis DORAN,
Defendant-Appellant.**

**No. 9341.**

Court of Appeals of New Mexico.

Dec. 11, 1986.

Certiorari Denied Jan. 26, 1987.

Paul G. Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

John L. Walker, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge.

The previous opinion is withdrawn and the following is substituted.

Defendant appeals from multiple convictions for armed robbery, aggravated burglary, false imprisonment, commercial burglary, and larceny over $100. Six issues are presented on appeal: (1) whether the indictment should have been dismissed; (2) whether the search warrant affidavit should have been invalidated; (3) whether the witness-advocate rule required disqualification of the district attorney's office: (4) whether defendant was entitled to review the prosecutor's case notes; (5) whether the court erred in limiting cross-examination; and (6) whether defendant was entitled to a new trial. Issues not briefed are abandoned. *State v. Romero*, 103 N.M. 532, 710 P.2d 99 (Ct.App.), *cert. denied*, 103 N.M. 525, 710 P.2d 92 (1985). We affirm.

## FACTS

Defendant was employed as an assistant manager of a Walgreens store in Albuquerque. In August of 1983, he failed to return from vacation. Shortly thereafter, on August 11, the store was burglarized and a large amount of currency and merchandise was taken. On September 17, 1983, a second burglary occurred and currency and large amounts of controlled substances were taken. Police investigation revealed indicia that the burglaries may have been an "inside" job, accomplished by use of either interior or exterior keys to the store. A third incident occurred four days after the second burglary. On September 21, after the store had been locked for the night, two masked men forced an employee to open the store and the business safe and took a large amount of money. According to the employee, one of the robbers showed a detailed knowledge of the store's security system.

The police investigation focused on defendant and Roger Robinson, both former Walgreens employees. A search of Robinson's home and car produced a knife, which police believed to be the knife used in the armed robbery, and two packets of money found hidden under the mattress in Robinson's bedroom. Robinson was arrested and thereafter gave police a written confession, implicating both himself and defendant in the three crimes. Robinson also directed police to a motel room where defendant was staying. Although defendant was not at the motel, another person in the motel room gave police permission to seize three suitcases belonging to the defendant. A warrant was subsequently obtained to search the contents of the suitcases. Inside the bags police found three driver's licenses issued to the defendant, approximately $800 in cash, a savings deposit book belonging to defendant, and a deposit receipt showing a deposit to defendant's savings account.

Following a jury trial, defendant was convicted of five felony offenses. The trial court directed a verdict of not guilty on two other charges of commercial burglary and larceny of property over $2,500.

## I. INDICTMENT

■ Defendant sought to have his indictment dismissed on the ground that it had been allegedly obtained through the false testimony of Kenneth Berlint, the manager of the Walgreens store where the crimes had occurred. Berlint testified that the locks to the store had been changed following the first burglary. In fact, according to documents submitted in support of defendant's motion to dismiss, the locks had been changed on August 8, 1983, three days prior to the first burglary. Defendant argues that the prosecutor's failure to correct this testimony denied him due process of law. We disagree. The alleged false testimony related only to counts 6 and 7 of the indictment, charges on which the defendant was acquitted. We agree with the state that defendant's acquittal on these charges negates his claim of denial of due process. The supreme court has ruled that due process claims which are predicated upon false or perjured evidence before a grand jury require a showing of actual prejudice. *See Maldonado v. State*, 93 N.M. 670, 604 P.2d 363 (1979); *see also Buzbee v. Donnelly*, 96 N.M. 692, 634 P.2d 1244 (1981). At trial, Berlint was questioned extensively concerning the change of locks, and defendant was acquitted of the two charges relating to the first burglary. In both *Maldonado* and *Buzbee* the supreme court also required a showing of prosecutorial misconduct. *See also* NMSA 1978, § 31–6–11(A) (Repl.Pamp.1984). Here, there was no showing that prosecutor Cox knew the testimony was false. Thus, *State v. Reese*, 91 N.M. 76, 570 P.2d 614 (Ct.App.1977), relied upon by defendant, is distinguishable from the facts herein: In *Reese* the parties stipulated that the prosecutor knew the testimony was false.

■ Finally, defendant has not shown that the allegedly false grand jury testimony tainted or was otherwise material to the grand jury or trial proceedings on the remaining five counts for which he was in-

dicted and convicted. He cites no authority in support of his contention that false testimony relative to counts 6 and 7 necessarily invalidated the entire grand jury proceedings. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). Defendant's reliance on *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) is misplaced because that case did not involve grand jury testimony, but instead dealt with a prosecutor's knowing failure to correct false testimony at trial. Thus, in *Napue* both elements of the relevant test—actual prejudice and prosecutorial misconduct—were present. Here, neither element has been shown.

## II. SEARCH WARRANT AFFIDAVIT

Defendant filed a motion to suppress the evidence seized from his suitcases, claiming that the affidavit for the search warrant sworn to by Assistant District Attorney Michael Cox contained material misrepresentations. Defendant contends the affidavit contained "intentionally false statements" made by Berlint, which were accepted by prosecutor Cox, and which allegedly were made with a reckless disregard for the truth.

The affidavit recited that Berlint believed "the only former employee in possession of the necessary keys and information to perpetrate the above crimes [was] Grant Doran, a former Assistant Manager who left under mysterious circumstances only a week before the first burglary...." Defendant argues that this statement was intentionally false because the store's exterior locks had been shown to have been changed prior to the time of the first burglary.

The trial court denied the motion to suppress, and ruled that even without the objectionable statement, the affidavit indicated a factual basis to find probable cause for the issuance of the search warrant. *See State v. Copeland,* 105 N.M. 27, 727 P.2d 1342 (Ct.App.1986). We find no error in this ruling.

The focus of our concern is whether the affidavit, apart from the challenged portion, contains facts constituting probable cause. The facts set forth in a search warrant affidavit must establish probable cause for the issuance of the warrant. *State v. Herrera,* 102 N.M. 254, 694 P.2d 510 (1985); *State v. Van de Valde,* 97 N.M. 680, 642 P.2d 1139 (Ct.App.1982). "Probable cause" which will authorize a judge or magistrate to issue a search warrant requires a showing of a state of facts which leads the issuing judge, acting in a neutral capacity and as a prudent person, to reasonably believe that an accused, at the time of the application for warrant, is in possession of illegal property or the fruits of a crime, or that evidence relating to the commission of a crime exists in the place or property sought to be searched. *State v. Donaldson,* 100 N.M. 111, 666 P.2d 1258 (Ct.App.), *cert. denied,* 100 N.M. 53, 665 P.2d 809 (1983).

The affidavit for the search warrant contained additional information indicating that all three crimes were apparently committed by someone familiar with the store's operation; that defendant had severed his employment under mysterious circumstances shortly before the first burglary occurred and had never returned to work; that a close friend of the defendant, Roger Robinson, had been arrested in connection with the crimes and had confessed to committing the crimes with defendant; and that Robinson had directed officers to defendant's motel room where the three suitcases had been seized. These facts provided sufficient probable cause for the issuance of the search warrant. The present case falls within the canopy of our decisions in *Donaldson* and *Copeland.*

Defendant also contends that, as the affiant, Cox should not have presented the affidavit to the trial court. Defendant relies on the "witness-advocate rule," which he also argues as a reason why the prosecutor should have been generally disqualified. This aspect of defendant's argument is addressed under point III, infra; but because we hold that the affidavit, apart from the challenged section, contained facts constituting probable cause for the

issuance of the warrant, we find no error in the trial court's denial of the motion to suppress.

## III. DISQUALIFICATION OF PROSECUTOR

Defendant filed a pretrial motion seeking to disqualify the prosecutor and his staff and requesting the appointment of a special prosecutor. Defendant's motion was based on his request to call prosecutor Cox as a defense witness at the suppression hearing and possibly at trial.

Defendant's motion relied on the "witness-advocate rule," which prohibits an attorney from appearing as both a witness and an advocate in the same litigation. *See* NMSA 1978, Code of Prof.Resp.R. 5–102(B) (Repl.1985). The trial court denied this motion but ordered that the prosecutor refrain from personally conducting matters for the state at the suppression hearing where he testified. At the hearing, Assistant District Attorney Frank Gentry represented the state. At trial, both Cox and Gentry prosecuted the case.

A prosecuting attorney is competent to testify in criminal proceedings in which he serves as an advocate, although that practice is disfavored. *See State v. Hogervorst,* 90 N.M. 580, 566 P.2d 828 (Ct.App.), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977). New Mexico adheres to the rule that a prosecuting attorney who finds it necessary to testify on behalf of the prosecution should withdraw from the case. *State v. McCuistion,* 88 N.M. 94, 537 P.2d 702 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975). This rule is intended to prevent the prosecutor from adding to the weight or credibility of the evidence by acting as both a witness and an officer of the court. *See United States v. Johnston,* 690 F.2d 638 (7th Cir.1982).

The rule announced in *Hogervorst* that a prosecutor who testifies for the state must withdraw from the case does not squarely address the question presented here. Defendant urges adoption of a broader rule holding that a prosecutor who is called as a witness for the defense in a pretrial hearing must withdraw from further participation in the case, and that the entire staff of the prosecuting attorney also be disqualified. A majority of courts that have considered this issue have held that the witness-advocate rule does not apply under these circumstances. *See* Annot., 54 A.L.R.3d 100 (1973). The Colorado Supreme Court addressed this issue and noted the countervailing interests which apply in such situations:

> Every prosecutor who participates directly in interviewing and otherwise investigating his cases subjects himself to the risk of being called as a witness. But to allow opposing counsel the unfettered option of removing any prosecutor who has personal knowledge of any material fact in the case might well result in restricting the prosecution function to the ill-prepared.

*Riboni v. District Court,* 196 Colo. 272, 274, 586 P.2d 9, 11 (1978) (*en banc*). *See also People v. Cannon,* 25 Ill.App.3d 737, 323 N.E.2d 846 (1975); *State v. Reeves,* 216 Neb. 206, 344 N.W.2d 433 (1984); *People v. Arabadjis,* 93 Misc.2d 826, 403 N.Y.S.2d 674 (1978); *State v. Browning,* 666 S.W.2d 80 (Tenn.Cr.App.1983).

■ The trial court has broad discretion in determining whether the defense will be allowed to call a prosecuting attorney to the witness stand and whether the prosecutor will be permitted to continue trying the case after testifying. *Cf. Hogervorst. See also United States v. Birdman,* 602 F.2d 547 (3d Cir.1979); *United States v. Maloney* 241 F.Supp. 49 (W.D.Penn.1965); *People v. Cannon.* When an abuse of the trial court's discretion is alleged, the defendant has the burden of demonstrating that the court's ruling denied him due process. *Maloney.*

■ Here, we find that the trial court did not abuse its discretion in resolving this issue. When prosecutor Cox testified at the suppression hearing, he appeared strictly as a witness; as a prosecutor at trial he was not called to testify. Under these facts, separation of the witness and prosecutorial functions was not violated. *See*

*State v. Mercer*, 625 P.2d 44 (Mont.1981). Moreover, there is no showing that the trial court gave unwarranted credibility to Cox's testimony at the suppression hearing. To the contrary, the court's ruling appears to assume the falsity of the objectionable statements in the affidavit for the search warrant.

■ We find no merit in defendant's contention that the entire staff of the district attorney should have been disqualified by virtue of the participation by prosecutor Cox in the investigative phase of the case and his appearance as a witness at the suppression hearing. In an analogous case, *United States v. Badalamenti*, 794 F.2d 821 (2nd Cir.1986), the federal court ruled that the appearance of some members of the United States Attorney's Office as witnesses at a suppression hearing did not require the "unprecedented disqualification" of the entire office from the suppression hearing or from further proceeding in the prosecution. *See also Browning. Cf. State v. Martinez*, 89 N.M. 729, 557 P.2d 578 (Ct.App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976), *cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 367 (1977).

### IV. PROSECUTOR'S CASE NOTES

■ Defendant claims error in the trial court's refusal to permit him to review prosecutor Cox's notes of his interview of Berlint. Cox referred to the notes while testifying at the suppression hearing. Defendant relies on NMSA 1978, Evid.Rule 612 (Repl.Pamp.1983), which requires the production of a writing used by a witness to refresh his memory while testifying. However, the Rules of Evidence do not apply to pretrial suppression hearings. *See* NMSA 1978, Evid.R. 104 and 1101(d)(1) (Repl.Pamp.1983). In addition, we disagree that defendant was prejudiced by being unable to cross-examine Cox regarding the notes. As indicated above, the trial court's denial of the motion to dismiss was not because the search warrant affidavit contained no misstatements, but rather, because the affidavit, with the misstatements deleted, still contained probable cause for issuance of the search warrant. *Donaldson. See also Copeland.*

### V. CROSS–EXAMINATION

Defendant claims a violation of his confrontation rights because the trial court limited his cross-examination of Cynthia Hernansky, an employee of Walgreens. Defendant sought to cross-examine Hernansky concerning an accusation that she had stolen money from another Walgreens store. Defendant conceded, however, that Hernansky had been cleared of the accusation after passing a polygraph test administered by Walgreens.

This issue is controlled by *Herrera* and *State v. Robinson*, 99 N.M. 674, 662 P.2d 1341 (1983). In both cases the supreme court emphasized that the test for admission of evidence under NMSA 1978, Evid. Rule 608(b) (Repl.Pamp.1983) is whether the witness actually engaged in the misconduct alleged. The test applies equally to the impeachment of an accused and to other witnesses before the court. *Id.* Since, by defendant's own admission, Hernansky was merely accused of misconduct, the trial court properly denied the proposed cross-examination. A trial court is invested with discretion as to whether to allow evidence of alleged prior bad acts concerning a witness's character for truthfulness or untruthfulness to be inquired into on cross-examination, and the trial court's ruling will not be overturned on appeal, absent a showing of a clear abuse of discretion. *Herrera.*

■ Defendant claims he sought to demonstrate that Hernansky had a special motive to testify falsely. Because the trial court was not alerted to this theory of admissibility, the issue will not be considered on appeal. *See State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982).

### VI. MOTION FOR NEW TRIAL

Following trial, Robinson retracted his testimony concerning defendant's involvement in the crimes. Defendant moved for a new trial, claiming that Robinson's re-

traction satisfied the requirements for the granting of a new trial on grounds of newly-discovered evidence. *See State v. Volpato,* 102 N.M. 383, 696 P.2d 471 (1985). We disagree.

At the time of trial, Robinson was serving a prison sentence for his own involvement in the crimes. He initially refused to testify against the defendant, claiming he feared being labeled a "snitch," and that he would be subjected to harassment from other inmates. He agreed to testify only after the trial court threatened to find him in contempt of court. On cross-examination, Robinson said he felt his testimony had been "forced" and "compelled." He also claimed that "ninety percent" of the information contained in his written confession to the crimes was incorrect. However, on redirect examination at trial, he acknowledged his own participation in the second burglary and the armed robbery, and he remained positive of defendant's involvement in the crimes. In his subsequent taped retraction, Robinson said he "believed" that his trial testimony had "likely" been "inaccurate."

■ We find no abuse of discretion in the trial court's denial of the motion. Robinson's retraction was clearly contradictory in nature. *State v. Smith,* 104 N.M. 329, 721 P.2d 397 (1986). In considering this motion, the trial court was entitled to weigh the credibility of the witnesses, to determine whether Robinson's statement was credible, and whether defendant's claim of newly-discovered evidence was likely to change the result of a new trial.

Defendant's convictions and sentences are affirmed.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.