This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 29,982**

**GERALD THOMAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions for armed robbery, conspiracy to commit armed robbery, and aggravated assault (disguised). On appeal, Defendant challenges the instruction to the jury on armed robbery and the failure by the district court to exclude testimony of the chief deputy district attorney or to disqualify the chief deputy district attorney from participating in the case. As discussed in this opinion, we affirm Defendant's convictions.

**BACKGROUND**

Defendant was charged with armed robbery, conspiracy to commit armed robbery, aggravated assault (deadly weapon), and aggravated assault (disguised). The jury received instructions on armed robbery, conspiracy to commit armed robbery, and aggravated assault (disguised).

The robbery took place in a convenience store. Two men were seen on a surveillance videotape using a knife to rob the store clerk, Mary Tom. Tom was able to wrestle the knife away and hide until the men left. Tom was not able to identify the men, but Defendant's mother identified the men as her sons. Defendant did not call any witnesses or present any evidence. The jury found Defendant guilty of all three charged offenses. This appeal followed.

Defendant argues: (1) because the knife used during the robbery was not a *per se* deadly weapon, it was for the jury to decide if Defendant armed himself with an

object that could cause death or very serious injury; and (2) it was error to allow the chief deputy district attorney to testify in violation of the witness-advocate rule and, once the testimony was admitted, it was error to not disqualify the chief deputy district attorney from participating in the case.

**ARMED ROBBERY JURY INSTRUCTION**

"Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." NMSA 1978, § 30-16-2 (1973). If the defendant commits the act while armed with a deadly weapon, and if the defendant is guilty of a second and subsequent offense, the offense is considered to be a first degree felony. *Id.* The instruction to the jury required the State to show that Defendant took and carried away money and/or cigarettes from the immediate control of Tom with intent to permanently deprive her of the items, Defendant was "armed with a knife[,]" and Defendant took the items by use of force or violence.

The jury was presented with evidence that Defendant and his brother robbed a convenience store. The evidence showed that Defendant, while holding a knife, grabbed Tom, pushed her into the register, and told her to hurry and open the register. Tom testified that Defendant held a knife in a manner in which she had to do what she was told. Defendant's brother said to Defendant, "Kill the bitch! Kill the bitch!"

Defendant had one hand on Tom's mouth and one hand on the knife. At that point, Tom was able to wrestle the knife from Defendant, break away, and lock herself in the bathroom. Tom was cut during the struggle, and she testified that she was shaking and scared. The knife was a brown folding knife, approximately five inches long.

Defendant argues that "[b]ecause a pocketknife is not a *per se* deadly weapon, [Defendant] was entitled to have the jury decide if he armed himself with 'an instrument or object which, when used as a weapon, could cause death or very serious injury.'" Defendant relies on *State v. Nick R*., 2009-NMSC-050, 147 N.M. 182, 218 P.3d 868, in support of his argument. In that case, our Supreme Court recognized that, when a weapon is not listed as a deadly weapon in the statute, the jury must be given the task of determining whether the object was used as a weapon and whether the object was capable of causing wounds described in the statute. *Id.* ¶¶ 37, 41. Our Supreme Court held that a pocketknife cannot be categorized as a deadly weapon as a matter of law. *Id.* ¶ 43. The State therefore concedes that the jury instruction in this case was erroneous because it only required the jury to determine whether Defendant was armed with a knife and did not require the jury to determine whether the pocketknife, "when used as a weapon, could cause death or very serious injury." *See* UJI 14-1621 NMRA, Use Note 4.

In *Nick R.*, however, the argument regarding whether the pocketknife carried

4

by the defendant was a deadly weapon was properly preserved in the district court. *Id.* ¶¶ 6-7. In this case, Defendant concedes that he did not preserve this argument by raising an objection to the jury instruction in the district court. Because the argument was not preserved for purposes of appeal, we review Defendant's argument for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (explaining that, when issues regarding jury instructions have not been preserved, we review for fundamental error).

"The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Orosco*, 113 N.M. 780, 784, 833 P.2d 1146, 1150 (1992). There is no fundamental error if the element omitted from a jury instruction was not at issue in the case. *See State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72. Similarly, there is no fundamental error if the jury's determination that Defendant committed armed robbery, based on the evidence, necessarily amounts to a finding on the element omitted from the instruction. *See id.*

In deciding whether the omitted element was at issue in the case, we determine "whether there was any evidence or suggestion in the facts, however slight, that could have put the [missing] element . . . in issue." *Orosco*, 113 N.M. at 783-84, 833 P.2d

at 1149-50. In its answer brief on appeal, the State refers to this standard and discusses the situation in *Orosco*, a case in which a missing element was held to not be at issue. In response, Defendant claims that his case cannot be analogized to *Orosco* because the missing element of unlawfulness in *Orosco* was impacted by the defendant's defense of mistaken identity, but Defendant's "defense of mistaken identity does not impact the missing element of whether a deadly weapon was used" in this case. It appears that Defendant is arguing that his situation cannot be compared to that in *Orosco* simply because both involved a defense of mistaken identity. We point out that the State discusses the appropriate standard for determining whether an omitted element was at issue in a case, but the foundation of the State's argument is not that both *Orosco* and this case involved defenses of mistaken identity.

We therefore turn to whether there was "any evidence or suggestion in the facts, however slight" that could lead a jury to determine that Defendant did not use the pocketknife as a weapon or that the pocketknife was not capable of causing death or very serious injury. *See Nick R.*, 2009-NMSC-050, ¶ 37; *Orosco*, 113 N.M. at 784, 833 P.2d at 1150. Defendant argues that because Tom was able to escape with the knife, receiving only a cut in the process, the evidence raises an issue as to whether the knife qualified as a deadly weapon. We disagree with this argument. Defendant used the five-inch pocketknife with a sharp blade to threaten, rob, and cut Tom. The

mere fact that a victim is able to escape from a person holding a weapon says nothing about whether the weapon was capable of causing serious injury. Our review of the record reveals no evidence or suggestion to contradict the above evidence to put at issue the question of whether Defendant used a deadly weapon. As a result, under the applicable standard, the failure to submit to the jury the question of whether a deadly weapon was used in this case did not amount to fundamental error and reversal of Defendant's conviction is not required.

**VIOLATION OF THE WITNESS-ADVOCATE RULE**

Defendant's mother stated that she felt threatened into identifying her sons on the videotape taken from the store. In response to that testimony, the State called the chief deputy district attorney, Sarah Weaver, as a rebuttal witness. Defendant did not ask that Weaver be disqualified from the case, but Defendant objected to her being allowed to testify. In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. Based on our standard for preservation, the State asks us to decide that the argument was not properly preserved for appeal. However, our review of the trial transcript indicates that defense counsel made strong efforts to present the argument to the district court, but was prevented from doing so. When the

State "proposed" to call Weaver as a rebuttal witness, defense counsel objected, but was quickly interrupted by the district judge. After the witness was sworn, defense counsel made another attempt to object, but was commanded by the district judge to sit down. Defense counsel asked the district judge, "how about the rule, your honor, the rule's been violated." The district judge overruled the objection before defense counsel was finished. Based on the limited argument that defense counsel was able to present, we hold that the issue was properly preserved.

Defendant argues that, under Rule 16-307(A) NMRA, this Court should determine that Weaver should have been disqualified because she was allowed to act as both a witness and an advocate in the case. When Weaver was called to testify, the State informed the district court that she was not handling anything "in the courtroom." Also, the State, in its answer brief, challenges Defendant's characterization of Weaver's testimony and explains that Weaver offered no testimony regarding whether Defendant's mother felt threatened. Instead, the State claims that Weaver testified that the detective was present at the interviews of Defendant's mother. The detective, and not Weaver, was the witness who provided testimony that Defendant's mother had not hesitated in making the identifications of her sons on the videotape and that she had not been threatened. In addition, the State argues that Weaver was not the prosecutor in this case, and her participation in the case was

8

limited to a pretrial discussion in chambers. The State claims that Weaver was not listed as counsel of record, did not file any pleadings, and did not participate in opening or closing argument or in examination of the witnesses. In his reply brief, Defendant does not respond to the challenges made by the State. The failure to respond to the State's factual contentions constitutes a concession to those contentions. *See State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145 ("[T]he failure to respond to contentions made in an answer brief constitutes a concession on the matter[.]" (internal quotation marks and citation omitted)).

Given the concessions, including that Weaver had only limited participation during an argument in chambers prior to trial and that Weaver did not offer her opinion as to whether Defendant's mother felt threatened, we find no support for Defendant's claim that the district court abused its discretion in allowing Weaver to testify or by failing to disqualify Weaver from the case. *Cf. State v. Doran*, 105 N.M. 300, 304, 731 P.2d 1344, 1348 (Ct. App. 1986) (holding that district court has broad discretion to determine whether a prosecutor called to testify by the defendant, who is involved in a case, may testify and then continue to participate in the trial).

**CONCLUSION**

For the reasons discussed in this opinion, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**