This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38407**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**MICHELLE L. PEREA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Based mainly on statements from a confidential informant's (CI) affidavit, police obtained a warrant to search the Defendant's home for evidence of drug trafficking. Prior to trial, Defendant Michelle Perea filed a motion to suppress. The district court granted Defendant's motion and the State now asks us to reverse the district court's order. Concluding that the CI's affidavit contained sufficient facts to enable the district court to find probable cause, we reverse.

**DISCUSSION**

**{2}** This nonprecedential memorandum opinion is issued solely for the benefit of the parties. Because the parties are familiar with the facts and procedural history of the case, we omit a background section and limit our discussion to those matters necessary for the resolution of the issues presented by this appeal.

**{3}** The issuance of a search warrant is reviewed under a "substantial basis" standard. *State v. Williamson*, 2009-NMSC-039, ¶¶ 29-30, 146 N.M. 488, 212 P.3d 376. "[T]he substantial basis standard is not tantamount to rubber-stamping the decision of the issuing court and does not preclude the reviewing court from conducting a meaningful analysis of whether the search warrant was supported by probable cause." *Id.* ¶ 30. "A reviewing court should not substitute its judgment for that of the issuing court. Rather, we clarify that the reviewing court must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* ¶ 29. "[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. This "deferential standard of review is appropriate to further the strong preference for searches conducted pursuant to a warrant" and to encourage "police officers to procure a search warrant." *State v. Trujillo*, 2011-NMSC-040, ¶ 18, 150 N.M. 721, 266 P.3d. 1 (omission, internal quotation marks, and citation omitted).

**{4}** Both the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution "require probable cause to believe that a crime is occurring or seizable evidence exists at a particular location before a search warrant may issue." *Williamson*, 2009-NMSC-039, ¶ 14 (internal quotation marks and citation omitted). "[W]hen an application for a search warrant is based on an affidavit, the affidavit must contain sufficient facts to enable the issuing magistrate independently to pass judgment on the existence of probable cause." *Id.* ¶ 30 (internal quotation marks and citation omitted). This requires that the probable cause determination be based on "more than a suspicion or possibility but less than a certainty of proof." *State v. Evans*, 2009-NMSC-027, ¶ 11, 146 N.M. 319, 210 P.3d 216 (internal quotation marks and citation omitted). When reviewing an application for a warrant, "[a] reviewing court should not substitute its judgment for that of the issuing court." *Williamson*, 2009-NMSC-039, ¶¶ 29-30. Instead, it "must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* ¶ 29.

**{5}** In cases involving the application for a search warrant where probable cause depends on an unnamed, confidential informant, New Mexico utilizes a two-pronged approach to analyze the sufficiency of the affidavit. *See State v. Cordova*, 1989-NMSC-083, ¶¶ 6, 11, 109 N.M. 211, 784 P.2d 30. The allegations of an informant can provide probable cause to issue a search warrant "provided there is a substantial basis for

believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Rule 5-211(E) NMRA; *accord Cordova*, 1989-NMSC-083, ¶ 10. "These requirements are often called the 'basis of knowledge' and 'veracity' (or 'credibility') tests." *Cordova*, 1989-NMSC-083, ¶ 6.

**{6}**     In this case, the CI's credibility is conceded, leaving only whether the CI's basis of knowledge was established in dispute. Accordingly, we limit our review of the affidavit to determine if it was sufficient to establish the CI's basis of knowledge.

**{7}**     The State argues that the district court's finding was erroneous and that the affidavit, including the statements of the CI, established probable cause to search Defendant's home. Conversely, Defendant maintains that the search warrant was defective. Defendant's arguments are consistent with the findings of the district court. Here, in granting the motion to suppress, the district court found that the basis of knowledge prong had not been met. In reaching this conclusion, the district court found that the statements in the affidavit only established that the CI had seen Defendant in possession of methamphetamine and that the amount the CI saw was consistent with trafficking, yet failed to establish how much methamphetamine the CI saw; how the CI knew that the amount it saw was a "quantity consistent with trafficking"; the conditions under which the CI made its observations; how the methamphetamine was packaged; and that the CI had seen any sales of methamphetamine. Discussing the district court's findings in turn, we explain why we do not agree with the court's conclusion.

**{8}**     First, concerning the district court's finding that the affidavit did not establish the CI's basis of knowledge, a close review of the affidavit for the search warrant reveals that the CI made first-hand observation of the methamphetamine at Defendant's home. The affidavit for the search warrant states, in pertinent part, that "within the last 72 hours, a quantity of [m]ethamphetamine *seen by the CI* consistent with trafficking has been *seen by the CI* at [a residence], which is being handled by a female subject identified as [Defendant]" and that "[D]efendant keeps a continuous supply of illicit narcotics at her residence and on her persons at all times." (Emphases added.) The affidavit also provided that "the CI is familiar with what [m]ethamphetamine looks like, how it is packaged and sold, as the CI is an admitted past user of illicit drugs" and that when questioned by the officer affiant about "the appearance, price, use and effects of various street drugs," the CI "demonstrated extensive knowledge about street drugs, including methamphetamine." It is well-established that first-hand observations satisfy the basis of knowledge requirement. *See State v. Barker*, 1992-NMCA-117, ¶ 5, 114 N.M. 589, 844 P.2d 839 ("First-hand observations by the informant serve to meet the 'basis of knowledge' . . . test."); *see also State v. Lujan*, 1998-NMCA-032, ¶ 12, 124 N.M. 494, 953 P.2d 29 ("The first-hand observation of the informant satisfies the 'basis of knowledge' prong; the words 'observed' or 'personally observed' are not required as technical formalities in all cases to establish first-hand knowledge."). Thus, the CI's personal observation of methamphetamine at Defendant's residence was sufficient. The district court's additional findings do not alter our conclusion here.

**{9}**     As noted, the district court took issue with the fact that the affidavit did not state the amount of methamphetamine the CI saw, the quantity of methamphetamine the CI saw, or the conditions under which the CI made its observation. In support of its findings, the district court relied principally upon *State v. Belknap*, a nonprecedential memorandum opinion of this Court. No. 35,195, mem. op. (N.M. Ct. App. Mar. 6, 2017) (nonprecedential).

**{10}**     In *Belknap*, a confidential informant personally observed a quantity of marijuana in the defendant's possession. *Id.* ¶ 11. Ultimately, this observation was deemed insufficient to support the issuance of a warrant. *See id.* ¶ 15. The informant's first-hand observation of the defendant's possession of marijuana in *Belknap* was inadequate to establish probable cause because marijuana could be legally possessed in certain limited circumstances, *id.* ¶ 3, 5, making substantiation of the additional allegation of trafficking critical. Because the affidavit submitted in support of the warrant failed either to specify that the informant had personally observed distribution or to supply sufficient detail that would otherwise support the allegation of criminal activity, it was found to be insufficient to establish probable cause. *See id.* ¶¶ 12-14.

**{11}**     *Belknap* is distinguishable from this case because in *Belknap* possession of marijuana was not always illegal, whereas in this case the mere possession of methamphetamine is categorically prohibited in New Mexico. *Cf. State v. Aragon*, 2010-NMSC-008, ¶ 36, 147 N.M. 474, 225 P.3d 1280 (indicating that the possession of any amount of a controlled substance is sufficient evidence to sustain a conviction for possession of a controlled substance), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. As a result, in this case, it was not necessary to demonstrate probable cause to believe Defendant was engaged in the distribution of methamphetamine; possession was enough. *See* NMSA 1978, § 30-31-23(A) (2011, amended 2021) ("It is unlawful for a person intentionally to possess a controlled substance unless the substance was obtained pursuant to a valid prescription or order of a practitioner while acting in the course of professional practice or except as otherwise authorized by the Controlled Substances Act.").

**{12}**     Next, regarding the district court's concerns that the affidavit lacks sufficient specificity, it is not clear that such specificity is required in the circumstances present in this case. *See generally State v. Doran*, 1986-NMCA-126, ¶ 11, 105 N.M. 300, 731 P.2d 1344 ("Probable cause which will authorize a judge or magistrate to issue a search warrant requires a showing of a state of facts which leads the issuing judge . . . to reasonably believe that an accused . . . is in possession of illegal property." (internal quotation marks omitted)). *Cf. State v. Donaldson*, 1983-NMCA-064, ¶ 13, 100 N.M. 111, 666 P.2d 1258 ("In determining probable cause, the court must interpret the affidavit in a common sense and realistic fashion and must not require technical requirements of elaborate specificity."). Nevertheless, to the extent that this is a material consideration, a common-sense reading of the affidavit reflects that the CI's visual observation supplies the basis of knowledge. *See Lujan*, 1998-NMCA-032, ¶ 12 ("When, as in this case, first-hand knowledge naturally and logically flows from a common-sense reading of the affidavit, that will suffice.").

**{13}** Finally, the district court noted that the search warrant did not state whether the CI had actually seen the Defendant selling methamphetamine. While this omission may diminish the value of the CI's basis of knowledge somewhat, it does not render the search warrant invalid because the CI's first-hand observation of Defendant possessing methamphetamine was sufficient to establish probable cause. *See, e.g.*, *State v. Ramirez*, 1980-NMCA-108, ¶¶ 3-4, 95 N.M. 202, 619 P.2d 1246 (holding that a statement in an affidavit that the informant saw the defendant possessing heroin was sufficient to satisfy the basis of knowledge test, as it clearly established that the informant obtained the information through personal observation, and was therefore sufficient to establish probable cause).

**{14}** Consequently, based on the "substantial basis" standard of review, it was error for the district court to grant Defendant's motion to suppress because the CI's affidavit contained sufficient facts to support the court's finding of probable cause. *See Williamson*, 2009-NMSC-039, ¶¶ 29-30. Therefore, the order suppressing the evidence found in Defendant's home is reversed.

**CONCLUSION**

**{15}** For the reasons stated above, we reverse the district court's order granting Defendant's motion to suppress and remand for further proceedings.

**{16} IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**