261 P.2d 643

**ZELLERS et al. v. HUFF et al.**

No. 5622.

Supreme Court of New Mexico.

Oct. 2, 1953.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Asst. Atty. Gen., W. F. Kitts, Sp. Asst. Atty. Gen., for appellants.

Harry L. Bigbee, Santa Fe, for appellees.

LUJAN, Justice.

In a suit brought by plaintiffs (appellees) against the defendants (appellants) for a declaratory judgment and to enjoin certain defendants from teaching sectarian religion in the public schools, this court rendered an opinion, Zellers v. Huff, 55 N.M. 501, 236 P.2d 949, upon which a final judgment on mandate was entered in the District Court of Santa Fe County on November 13, 1951, containing injunctive provisions affecting certain defendants. The injunction directed against these defendants, so far as pertinent here, restrains them, as follows:

"13. It is hereby ordered, adjudged and decreed and declared and declaratory judgment is hereby given prohibiting the members of the State Board of Education named as defendants herein from providing or authorizing free school bus transportation for pupils attending a parochial or sectarian school.

"2. That the defendants named and designated in paragraph twelve of this judgment relating to the first cause of action be and each of them are hereby permanently enjoined and restrained from permitting, allowing or consenting to the transportation of pupils attending parochial schools by transportation furnished by the State of New Mexico in connection with the furnishing of school bus transportation.

"That the defendants herein who are members of any Board of Education named as defendants herein and all boards of education who are named as the defendants herein the same being named in paragraph numbered twelve of the portion of this judgment and decree relating to the first clause of action be and each of them are hereby enjoined and restrained from using or permitting the use of tax funds for the purpose of subsidizing parochial schools."

The parties will be referred to as they appeared in the lower court. The plaintiffs filed a motion in the District Court of Santa Fe County to show cause why the defendants should not be adjudged in contempt and they were held in contempt for furnishing transportation to parochial stu-

dents contrary to the judgment. The order, eliminating the formal part thereof, reads:

"It is further ordered that the Respondents, and each of them, are hereby adjudged to be in contempt of this Court.

"It is further ordered that this Court shall retain jurisdiction for determination of its appropriate judgment and sentence against the Respondents, and each of them, for their contempt of this Court."

It will be seen by reading the order that the court adjudged the defendants, and each of them, to be in contempt of court, but reserved the right to pronounce judgment and sentence upon them for a future determination.

 In criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. St. Louis, I. M. & S. R. Co. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 27 L.Ed. 638; United States v. Pile, 130 U.S. 280, 283, 9 S.Ct. 523, 32 L. Ed. 904, 905; Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821, 824; Berman v. United States, 302 U.S. 211, 214, 58 S.Ct. 164, 82 L.Ed. 204, 205. A sentence must be *imposed* to complete the steps of the prosecution. Until sentence is imposed there is no finality of the judgment. The sentence is the judgment. Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283; Berman v. United States, supra.

 In the instant case the adjudication of contempt of court is plain and unequivocal, but since there was no judgment or sentence pronounced, it was still pending and further judgment was necessary. Consequently, it was not ripe for review as a right in any form.

The defendants seriously contend that the order, hereinabove cited, is appealable, under Rule 5, Section 2, which provides:

"Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

We disagree with counsel for defendants in their argument. This appeal, although interlocutory in its nature, is not so in the sense that it "practically disposes of

the merits of the action" within the meaning of the portion of 1941 Comp. § 19–201 (5) quoted next above. It is rather governed by that portion of Rule 5, Section 2, relating to appeals from judgments imposing sentence for civil contempt. It reads:

"Any person aggrieved by the judgment of the court in any proceeding for civil contempt, and any person convicted of criminal contempt, except contempt committed in the presence of the court, shall have an appeal from such judgment or conviction to the Supreme Court, to be prosecuted and decided in the manner herein prescribed in civil cases. In criminal contempt the allowance of an appeal shall operate as a stay of proceedings in the district court and stay and suspension of execution."

It is thus to be seen that a judgment in civil contempt rendered during the course of a trial does not necessarily, or at all, have any bearing on the merits of the action out of which it grows. Indeed, it may occur for violation of a temporary restraining order issued before the trial actually begins; or, it may follow final judgment. Compare, State ex. rel. Simpson v. Armijo, 38 N.M. 280, 31 P.2d 703. This appeal, Rule 5, Section 2, second subparagraph, is sui generis. While often interlocutory in character as occurring before entry of final judgment, it in no sense is based on the finality of judgments as contemplated in Rule 5, Section 1, and in the first paragraph of Section 2 thereof. The obvious purpose of this portion of Rule 5 is to provide speedy determination of judgments in contempt for which, more often than otherwise, the respondent languishes in "durance vile" until the reviewing court may pass upon the propriety of the sentence imposed upon him. Here, however, none has yet been imposed, as we already have pointed out.

It follows from what has been said that the appeal is premature and must be dismissed.

It will be so ordered.

SADLER, C. J., and McGHEE, COMPTON and SEYMOUR, JJ., concur.