**FIRST NATIONAL BANK OF BOSTON,**
**Plaintiff,**

v.

**ANTONIO SANTISTEBAN & CO., Inc., Archivaldo Santisteban, Antonio Santisteban, Mirla Santisteban, Angel Santisteban, Defendants.**

Civ. No. 164-59.

United States District Court
D. Puerto Rico,
San Juan Division.

March 3, 1960.

Joshua Hellinger, San Juan, P. R., for plaintiff.

Juan A. Pujals, Santurce, P. R., for defendants.

RUIZ-NAZARIO, District Judge.

This action is now before the court on plaintiff's motion, filed January 19, 1960, for an order requiring Mirla Santisteban, one of the defendants herein, "to pay to the attorney for the plaintiff * * * Joshua Hellinger," at his office in Room 303, New York Department Store Building, Santurce, Puerto Rico, the sum of $70 per month, to be credited to the judgment herein obtained by the

plaintiff against the defendants, until said judgment and the costs and expenses of this proceeding be fully paid and satisfied.

Defendant Mirla Santisteban has objected to said motion contending that the process thereby requested by plaintiff is not authorized by law and that the court, therefore, has no power to grant plaintiff's request.

The question came up for hearing on the regular motion day call of January 29, 1960 and oral argument thereon was heard. In addition, written memoranda of counsel in support of their respective contentions have been submitted, and the court is now fully advised in the premises.

The plaintiff has obtained a default money judgment against the defendants herein, Mirla Santisteban being one of said defendants and said judgment is now in the stage of execution.

Plaintiff concedes that under Rule 69 of the F.R.Civ.P. 28 U.S.C.A., the practice and procedure governing executions are those provided for by the laws of the Commonwealth of Puerto Rico.

Execution is being sought by plaintiff on personal property of co-defendant Mirla Santisteban, i. e. on her monthly salary as an employee of the Ports Authority, which is an agency of the Commonwealth's Government.

But in its attempt lawfully to reach said salary, or whatever portion thereof is not exempt, by way of execution of its judgment, plaintiff has failed to comply with the laws of the Commonwealth on the subject.

Sec. 1128, Title 32 L.P.R.A. provides among other things that "moneys, and other property, both real and personal or any interest therein of the judgment debtor, not exempt by law, * * * *seized and held under attachment* in the action, are liable to execution," and that "*Until a levy*, property is not affected by the execution." (Emphasis supplied.)

It does not appear from the record, nor has it been shown in any way by the plaintiff that the monthly salary of the co-defendant Mirla Santisteban was at any time seized or held under attachment and, therefore, under the last sentence of the above cited provision, no execution lies against said salary or any non-exempt portion thereof.

Moreover, if the plaintiff had previously tried to seize or levy, by way of attachment, all the monthly salaries or any non-exempt portions thereof, to be earned by defendant Mirla Santisteban at the end of each month until its judgment and the costs and expenses of this proceeding be fully paid and satisfied, no such seizure or levy could have been validly obtained under the laws of the Commonwealth of Puerto Rico, as construed by its highest court.

Construing sub-division 7 of Sec. 249 of the Puerto Rican Code of Civil Procedure (Sec. 1130(7), Title 32 LPRA) the Supreme Court of the Commonwealth of Puerto Rico, has held that "an execution or attachment can only reach *a thing in existence*," and that, therefore, unearned salaries may not be validly attached. See: Diego Agueros & Co. v. Heres, 50 P.R.R. 510 (Emphasis supplied).

See also: Torres v. Municipal Court, 35 P.R.R. 347.

Finally in Rodriguez v. Fontes, 51 P.R.R. 648, the Supreme Court of the Commonwealth reiterated the above doctrine, holding that the only way in which a salary or the un-exempt portion thereof may be validly seized, attached or garnished, by way of execution of a money judgment is to wait until the salary is actually earned at the pay period thereof and then have the levy made, but this only as respects the salary then earned, such attachment not extending to any future salaries not yet earned. And that to reach future salaries or un-exempt portions thereof it is indispensable that each of these be seized, attached or garnished on the dates that they are respectively earned, and not otherwise.

It follows, therefore, that plaintiff's motion under consideration herein must be and it is hereby denied.