FIRST NATIONAL BANK OF BOSTON, Plaintiff, Appellant,

v.

Mirla SANTISTEBAN, Defendant, Appellee.

No. 5663.

United States Court of Appeals First Circuit.

Jan. 10, 1961.

856

Samuel J. Davidson, Jersey City, N. J., with whom Joshua Hellinger, San Juan, P. R., was on brief, for appellant.

Appellee not appearing.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The plaintiff recovered a judgment of some $13,000 in the United States District Court for the District of Puerto Rico, but the Marshal returned the execution unsatisfied. The plaintiff thereupon filed a motion in the district court in which it recited that the defendant was without discoverable assets, but was employed by the Puerto Rico Ports Authority on a monthly salary, wherefore plaintiff requested an order compelling defendant to pay $70 a month until its judgment was paid and satisfied.* The court denied plaintiff's motion, 181 F. Supp. 366 and plaintiff appeals.

The plaintiff's brief is largely directed to a claim that the court abused its discretion. The court did not consider this a matter of discretion, nor do we. Garnishment of future wages by order against any employer is unknown in Puerto Rico. This is because unearned wages are not property. Diego Agueros & Co. v. Heres, 1936, 50 P.R.R. 510; Rodriguez v. Fontes, 1937, 51 P.R.R. 648. Hence it may well be, as plaintiff contends, that its only effectual remedy against defendant would be a continuing court order directed against the defendant under which she would be in contempt for failure to pay. However, the United States District Court is not a collection agency. It is true that Federal Rule of Civil Procedure 69(a), 28 U.S.C. provides that the court, "in proceedings * * * in aid of a judgment and * * * on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held," and that under Puerto Rico Rule 51.4, (Rules of Civil Procedure for the General Court of Justice, 1958) "the court may make any order which it considers just and necessary for the execution of a judgment." But it is clear from an examination of this and its companion local rules, as well as the predecessor statutory provisions, T. 32, §§ 1211–1218, that the contemplated orders

* This figure was computed as one-quarter of defendant's salary, as three-quarters of all earnings for personal services are exempt from execution under the Laws of Puerto Rico, T. 32, § 1130.

relate solely to execution and levy, and not to the more general issue of satisfaction of judgments. In other words, the concern of the court thereunder is with attachable property and how it may be come by, and does not include in personam orders such as this, either to the defendant or anyone else, with respect to property not yet in existence.

Judgment will be entered affirming the order of the District Court.