600 P.2d 1195

**Beverly Ann HENDERSON,
Plaintiff-Appellant,**

v.

**Samuel David HENDERSON,
Defendant-Appellee.**

No. 12140.

Supreme Court of New Mexico.

Oct. 2, 1979.

McAtee & Associates, W. Peter McAtee, Albuquerque, for plaintiff-appellant.

Schuelke, Wolf & Rich, Joseph L. Rich, Gallup, for defendant-appellee.

## OPINION

EASLEY, Justice.

In this child custody dispute, the trial court awarded custody to the father for two months during the summer. The mother appealed. We affirm.

The issues are:

1. whether a finding that the mother was in contempt is appealable;

2. whether the trial court should have modified a previous judgment for delinquent child support payments to include interest;

3. whether there was substantial evidence to support two challenged findings; and

4. whether the trial court abused its discretion in awarding custody to the father for two months during the summer.

Prior proceedings had awarded custody to the mother subject to the visitation rights of the father. Visitation was in Gallup, the mother's home, on alternate weekends. On the remaining weekends the mother was required to transport the child to Albuquerque for visitation at the father's home. Prior proceedings also produced a judgment against the father for $2,350.00 in delinquent child support payments. The father moved to Bloomfield and asked that the child be brought there for weekend visitations. The mother refused. Visitation was terminated. The mother has since moved to Tucson.

In the present proceeding, the mother claimed that the father had molested the child, and that she had discontinued visitation on the advice of her physician and her attorney because the child was afraid of her father. The mother requested the trial court to discontinue the father's visitation privileges on this basis. She also sought to have the prior judgment for support arrearages modified to include interest. The father petitioned the trial court to enforce his visitation privileges.

The trial court awarded the father custody for two months during the summer and allowed visitation during other vacation periods. The court found that there were changed circumstances. The trial court declined to modify the prior judgment to include interest on child support arrearages.

*Contempt*

The trial court found that Mrs. Henderson was in contempt, but deferred the matter "for the time being". Appeal of contempt findings is governed by § 39–3–15(A), N.M.S.A.1978, which provides for appeal from a *judgment* of a civil contempt or a *conviction* of criminal contempt. In *Zellers v. Huff*, 57 N.M. 609, 261 P.2d 643 (1953), this Court held that where there is a finding of contempt but no sentence is imposed, no appeal is available. "The sentence is the judgment. (Citations omitted.)" *Id.* at 611, 261 P.2d at 644.

No sentence was imposed on Mrs. Henderson; thus no appeal is available on this issue. The contempt finding, of itself, is not subject to appeal. N.M.R.Civ.App. 3(a)(2), N.M.S.A.1978. *See also* Annot., 33 A.L.R.3d 448, § 24(a)(1970).

*Interest on Prior Judgment*

In the prior proceeding, the mother had alleged that the father was $2,350 in arrears in child support payments and peti-

tioned the court to find him in contempt. The trial court agreed and ordered the father to pay to the mother $25.00 a month, in addition to the original child support payments, until the arrearage was made up. Because the mother's petition in the prior proceeding sought a finding of contempt, the trial court had discretion under its equity powers to fashion the remedy it did. *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976). The trial court's order in the prior proceeding was filed May 26, 1977. The record shows no appeal from that order.

▮ In this proceeding, the mother alleged that the original judgment did not allow interest and should be accordingly modified. She did not raise the question of interest in that proceeding and did not appeal the decision. It cannot be raised at this late date.

### Substantial Evidence

The mother challenges for lack of substantial evidence the trial court's finding that the father did not in any way molest his daughter. Within this argument, the mother asserts that the trial court erred in admitting polygraph evidence. The thrust of the mother's argument appears to be that, in the absence of the polygraph evidence, there is no substantial evidence to support the finding.

The mother and maternal grandmother both testified that the child had told them that her father had molested her. A doctor who had examined the child approximately one week after the alleged incident testified that he found no evidence that the child had been molested and that; because of the time lapse between the alleged incident and the examination, the alleged molestation was probably not medically provable.

The father categorically denied that he molested his daughter in any way. A polygrapher testified, over objection, that he had administered a polygraph test to the father and that his results were conclusive that the father's denial was truthful.

▮ The record indicates that the mother did not object to the qualifications of the polygrapher as an expert. The testimony of the polygrapher established the reliability of the testing procedure and the validity of the tests made on the subject. The record shows that there was a proper foundation for the admission of the polygraph evidence under *State v. Dorsey*, 88 N.M. 184, 539 P.2d 204 (1975).

▮ The mother contends that the polygraph evidence should have been excluded because she lacked notice that the exam was going to be given. No such notice is required under any New Mexico rule. The mother argues that the element of surprise is presented if such notice is not given. However, the surprise could have been eliminated through discovery techniques, such as depositions and interrogatories. N.M.R. Civ.P. 26 & 31, N.M.S.A.1978.

▮ We hold that the trial court properly admitted the polygraph evidence and that there was substantial evidence to support the trial court's finding that the father had not molested his daughter.

The mother claims there is no substantial evidence to support the trial court's finding that the mother and maternal grandmother were responsible for the child's agitated state, and that the mother failed to adequately prepare the child for visitation with the father.

▮ In her brief the mother referred to sections of the transcript where evidence could be found which was contrary to this finding. However, she did not comply with N.M.R.Civ.App. 9(d), N.M.S.A.1978, which provides that *all* "evidence bearing upon the proposition, with proper references to the transcript" should be set out in the brief. She did not set out all the evidence. Therefore, this issue will not be entertained.

### Custody

The trial court awarded custody to the father for two months during the summer. The mother attacked the award as an abuse of discretion. Since the original order, the father has moved to Bloomfield, New Mexico and the mother has moved to Tucson, Arizona. A psychiatrist recommended

longer periods of visitation two or three times a year, rather than the alternate weekends as provided for in the original decree.

◼ The trial court has broad discretion in determining child custody arrangements. Its judgment will not be overturned unless there is no substantial evidence to support it, or there has been a manifest abuse of discretion. *Stone v. Stone,* 79 N.M. 351, 443 P.2d 741 (1968); *Kotrola v. Kotrola,* 79 N.M. 258, 442 P.2d 570 (1968).

◼ The evidence is substantial that a change in circumstances has occurred that warrants the decision of the trial court. We affirm.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.