801 P.2d 660

**STATE of New Mexico,**
**Plaintiff–Appellee.**

v.

**Gregory L. WEBB, Jr.,**
**Defendant–Appellant.**

No. 11614.

Court of Appeals of New Mexico.

June 26, 1990.

Certiorari Granted Aug. 10, 1990.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals from the trial court's determination that he was incompetent to stand trial and its specific finding that he was dangerous, effectively requiring that he be detained in a locked, secure facility pending further proceedings relative to his competency. NMSA 1978, § 31–9–1.2(B) (Cum.Supp.1989). We asked the parties to brief the issue of whether this court has jurisdiction over the appeal. Three other issues were raised, but are not addressed here in view of our holding that this court does not have jurisdiction over this appeal. We dismiss.

Summary of Proceedings

Defendant was charged by criminal complaint with capital murder as a result of the death of his father. The case was transferred from magistrate court to district court when the issue of defendant's competency was raised by defense counsel, who also moved the district court to order a psychiatric evaluation of defendant to determine his competency to stand trial and his sanity at the time of the alleged offense. On defendant's motion, substitute counsel was appointed.

The court held a hearing, and an order was entered declaring defendant incompetent. Following another hearing, the court found defendant dangerous and ordered him held in a secure, locked facility. Defendant appeals from these orders.

■ There is evidence in the record proper that, subsequent to the filing of this appeal, defendant was found competent to stand trial. However, neither party has moved to dismiss the appeal as moot, and the state has argued that this court lacks jurisdiction to entertain the appeal. We conclude that the jurisdictional issue is dispositive, and we are persuaded that it is an issue that is likely to recur. Under these circumstances, we believe there is an issue of sufficient public importance to merit appellate review. *In re Pernell,* 92 N.M. 490, 590 P.2d 638 (Ct.App.1979) (appeal from order of involuntary commitment was not moot even though defendant was no longer in hospital because questions of great public importance were presented and were likely to recur).

Right to Appeal

■ A criminal defendant has the right of appeal "from the entry of any final judgment." NMSA 1978, § 39-3-3(A)(1) (Orig.Pamp.). An order is final if all issues of law and fact necessary to be determined have been determined, and the case has been completely disposed of to the extent that the court has power to dispose of it. *Floyd v. Towndrow,* 48 N.M. 444, 152 P.2d 391 (1944). To determine whether an order is final, we give the term "finality" a practical, rather than a technical, construction, *Clancy v. Gooding,* 98 N.M. 252, 647 P.2d 885 (Ct.App.1982), because it is impossible to devise a formula to resolve all marginal cases. *Central–Southwest Dairy Co-op. v. American Bank of Commerce,* 78 N.M. 464, 432 P.2d 820 (1967).

■ Defendant claims the orders appealed from are final orders in that they practically dispose of the merits of the action. We disagree. This is not a civil action for involuntary commitment; rather, it is a criminal matter charging defendant with a capital felony. Defendant was named in this action after having been charged with the crime of murder in the first degree. While it is entirely proper to evaluate a defendant's competency after the issue is raised, NMSA 1978, Section 31-9-1 (Cum. Supp.1989), the question of the defendant's competency to stand trial determines when and if the matter can go to trial, which is a separate question from whether he committed the crime, and which, under New Mexico law, is resolved in a distinct, multi-party proceeding.

The New Mexico statutory scheme provides for a multi-step competency proceeding when it appears that there is a question as to a defendant's competency. NMSA 1978, §§ 31-9-1 to -1.5 (Cum.Supp.1989). The defendant's competency is professionally evaluated, a report is submitted, and within sixty days a hearing is held on the issue. § 31-9-1.1. If the court finds that defendant is both incompetent and dangerous within the meaning of the statute, the court commits him to be detained by the Health and Environment Department in a secure, locked facility. § 31-9-1.2(B)(1). Defendant appealed at this stage.

Within thirty days of commitment, a report must be filed which sets forth an opinion as to the probability of the defendant's attaining competency within a period of one year from the date of the finding of incompetency. § 31-9-1.2(D). Within ninety days of the order of commitment, the trial court conducts a hearing to determine the defendant's competency and whether he is making progress towards attaining competency within one year from the date of finding incompetency. § 31-9-1.3(D). If at this hearing, or at any time, the court finds that defendant is still not competent and that he is not making progress towards attaining competency, such that there is no substantial probability that he will attain competency within one year of the date of the original finding of incompetency, the state shall request the court to: (1) release defendant and dismiss the charges with prejudice; (2) conduct a hearing to commit defendant involuntarily pursuant to the provisions of the Mental Health and Disabilities Code, NMSA 1978, Sections 43-1-1 to -25 (Repl.Pamp.1989); or (3) conduct an evidentiary hearing to determine the sufficiency of the evidence against defendant. §§ 31-9-1.3(E), -1.4, -1.5.

After a determination on one of these grounds, it would certainly be less difficult to find that the merits had been practically disposed of and the appeal permissible. The charges would have either been dismissed with prejudice so that defendant would have no reason to appeal or he would be effectively sentenced, in which case an appeal would lie, or defendant would be involuntarily committed pursuant to the Mental Health and Disabilities Code of Sections 43–1–1 to –25, in which case he can appeal that commitment pursuant to *In re Pernell.*

If, however, at the ninety-day review hearing required by Section 31–9–1.3, the court finds that a defendant is still not competent, but that he is making progress towards attaining competency, the question of defendant's competence may not be reviewed for up to another year. *See* § 31–9–1.3(D)(1). Since defendant did not appeal at this stage of the proceedings, we feel the case is not ripe for appeal. Nonetheless, it appears to us that such a determination at the ninety-day review stage would be appealable, as such a determination would subject a defendant to the same cycle of repetitive competency determinations which in *Pernell* was the basis for allowing an appeal from the initial order of commitment.

Persons involuntarily committed in civil proceedings have a right to appeal the initial order of commitment, despite the absence of an express statutory provision guaranteeing the right of appeal. *Id.* In a civil context, the operative findings must be repeated when a person is committed for an extended period after an initial thirty-day commitment. § 43–1–12(C). There are no other issues to be determined. The statutory scheme provides for the same issue to be considered again and again. In *Pernell,* the thirty-day commitment order was properly appealable as a final order because it completely disposed of the merits.

Considering the limited duration of defendant's commitment and the more appropriate basis for allowing an appeal after a determination of incompetency at the nine-ty-day review hearing, we decline defendant's invitation to extend the holding of *Pernell* to those situations where a person subject to a criminal proceeding is initially found incompetent and dangerous, and therefore committed. The order of commitment of a criminal defendant does not completely dispose of the merits. More is required than simply to enforce by execution what has been determined. *See Zellers v. Huff,* 57 N.M. 609, 261 P.2d 643 (1953). There remains open the possibility that he may be found competent within ninety days. Under our holding herein, a defendant would be required to await the ninety days when the determination of his incompetency might be appealable as a final order.

In this case, the trial court had made only the initial orders in a multi-part proceeding to determine competency; thus, the orders finding defendant dangerous and incompetent to stand trial from which he appealed are not final orders subject to appellate review. For the reasons stated above, we find that we lack jurisdiction over this appeal. The trial court's orders finding defendant incompetent to stand trial and dangerous are not final orders.

We dismiss.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.