UNITED STATES of America, Plaintiff,

v.

Mildred MORRIS, Defendant,

and

The Navajo Nation, Garnishee.

Crim. No. 88–442 JP.

United States District Court,
D. New Mexico.

Jan. 11, 1991.

William Lutz, U.S. Atty., Albuquerque, N.M., for plaintiff.

Bill Fry, Federal Public Defender, Las Cruces, N.M., for defendant.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The subject of this Memorandum Opinion and Order is plaintiff's application for a writ of garnishment. Plaintiff obtained a judgment in this court against defendant in the amount of $7,885.44 but has been unable to satisfy it. Plaintiff has therefore requested a writ of garnishment against the Navajo Nation, which plaintiff alleges to be a debtor of defendant's husband.[1] Having considered the pleadings, law and facts, and being otherwise fully advised in the matter, I have determined that plaintiff's application for a writ of garnishment should be denied.

---

1. The plaintiff has requested garnishment of the defendant's one-half community property share of Rex Morris' wages or salary not exempted from attachment. The writ fails to cite to the appropriate Navajo Nation law establishing that community property principles apply in that jurisdiction, or otherwise to explain what law would apply. Since the application for writ of garnishment is not well taken on other grounds, however, I need not rule on this issue.

On January 18, 1989, defendant entered a plea of guilty to an information charging violation of 18 U.S.C. § 641. On March 30, 1989, the court ordered her to pay restitution in the amount of $7,885.44 in monthly payments of $220.00. The judgment was entered on April 4, and on April 25, 1990, the United States filed its application for writ of garnishment against defendant's husband, Rex Morris. The Navajo Nation, garnishee, through its attorney, the Navajo Nation Department of Justice, answered by moving for dismissal and for an order quashing the writ of garnishment.

Garnishment is a statutory remedy which does not exist at common law. *Joe v. Marcum*, 621 F.2d 358, 361 (10th Cir.1980). 18 U.S.C. § 3613(e) provides that enforcement of money judgments in criminal cases in Federal Court must proceed "in like manner as judgments in civil cases." In civil cases, execution of judgments proceeds under Fed.R.Civ.P. 69(a), 28 U.S.C.A.:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

This rule limits the Federal court's execution powers to those available under state law in the district in which the court sits. *Reconstruction Finance Corp. v. Breeding*, 211 F.2d 385, 390 (10th Cir.1954). The very enforceability of the judgment rendered in a district court of the United States depends on the practice applicable in the state in which the district is located. *Ivor B. Clark Co. v. Hogan*, 296 F.Supp. 398 (S.D.N.Y.1968), *modified on other grounds*, 296 F.Supp. 407 (S.D.N.Y.1969). Where state law requires additional procedures above and beyond the original action, the district court must adhere to those state requirements. *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252 (2d Cir. 1963). *See, also, Juneau Spruce Corp. v.*

*International Longshoremen's and Warehousemen's Union*, 131 F.Supp. 866 (D.C. Hawaii 1955).

Neither Rule 69 nor state law creates or withdraws the district court's jurisdiction to enforce its judgment, since such jurisdiction is inherent. *Kashi v. Gratsos*, 712 F.Supp. 23, 25 (S.D.N.Y.1989). However, state law limitations which determine "the type of property which can be subject to execution" may so limit the federal courts. *Marshak v. Green*, 746 F.2d 927, 930 (2d Cir.1984). *See also, Duchek v. Jacobi*, 646 F.2d 415 (9th Cir.1981). In the absence of any controlling federal statutes, "the district court has the same authority to aid judgment creditors ... as that which is provided to state courts under local law." *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir.) *cert. denied* 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979). Where a remedy such as garnishment is not provided for by local law, the district court is unable to order such relief. *First National Bank v. Santisteban*, 285 F.2d 855 (1st Cir.1961). In *First National Bank* the holder of a $13,-000 judgment in the United States District Court for the District of Puerto Rico moved to garnish the debtor's wages. Since the Commonwealth of Puerto Rico makes no provision for the garnishment of future wages by order against an employer, the federal district court found that the wages were not attachable property in Puerto Rico and that the federal courts could not order garnishment. The Court of Appeals for the First Circuit upheld the decision.

New Mexico law does provide for garnishment of wages in execution of judgments. § 35–12–1 et seq. N.M.S.A.1978 (1990 Repl.) However, the state has no authority to garnish wages "located" on an Indian reservation absent state compliance with federal statutes regarding state assumption of civil jurisdiction over transactions occurring on a reservation. *Joe v. Marcum*, 621 F.2d at 362–63. The mere fact that the state has jurisdiction over the underlying action does not automatically confer jurisdiction to garnish. *Id.* at 362. See also, *Begay v. Roberts*, 1 CA–CV 89–

454 (Ariz.Ct.App. Sept. 13, 1990). Garnishment proceedings are ancillary in the sense that they are in aid of execution of a judgment previously obtained, but they are also independent proceedings in the sense that they are against the judgment debtor's employer, to attach wages held by the employer and due the debtor. *Joe v. Marcum*, 621 F.2d at 362–63.

■ Under 25 U.S.C. § 1322(a), a state may assume jurisdiction of civil causes of action between Indians, or to which Indians are parties, which arise in areas of Indian country situated within the state, with the consent of the tribe.[2] New Mexico has not sought to assume such jurisdiction; nor has the Navajo Nation consented to grant it. Wages which are located within the Navajo reservation, therefore, are not property within the authority of New Mexico to attach. Here, where the husband of the debtor apparently both lives and works within the exterior borders of the Navajo reservation, his wages are located on the reservation.

The fact that New Mexico cannot reach wages located on the Navajo reservation does not, by itself, mean that the power of the United States to do so is similarly circumscribed. The *Joe* decision proscribed garnishment to enforce a judgment entered in state court. That ruling follows a long and established line of decisions protecting Indian tribes' sovereign status from intrusion by the states, but not protecting against actions taken by the federal government. See, e.g., *McClanahan v. Arizona State Tax Com.*, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973); *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). Paramount federal power under the Supremacy Clause of the United States Constitution has been extensively exercised to preempt the operation of state laws in Indian affairs.

■ The federal government, on the other hand, enjoys broad or even plenary power over Indian affairs. *Delaware Tribal Business Comm. v. Weeks*, 430 U.S. 73, 83–84, 97 S.Ct. 911, 918–19, 51 L.Ed.2d 173 (1977). Although Indian tribes are " 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government," *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 55, 98 S.Ct. 1670, 1675, 56 L.Ed.2d 106 (1978) (citation omitted), "Congress has plenary authority to limit, modify or eliminate the powers of local self-government which the tribes otherwise possess." *Id.* at 56, 98 S.Ct. at 1676. However, an Indian tribe's sovereign immunity may only be waived by an "unequivocally expressed" act of Congress, and not by mere implication. *Id.* at 58. The question in this case, therefore, is not whether the federal government could garnish wages located within the reservation of a sovereign Indian nation, but whether Congress has in fact authorized such an action. I believe it has not.

The Navajo Nation possesses powers of self government dating back to the Treaty of 1868; it has a judicial branch comprising six district courts and an appellate court. *Joe, supra*, at 361. It also has a code of laws providing for, inter alia, executions on judgments. 7 N.T.C. § 701 (Supp.1984–85). While the Navajo Tribal Code provides for attachment of livestock and other property, it does not allow garnishment of wages; legislation which previously allowed garnishment within the Navajo Nation was subsequently repealed.. 9 N.T.C. § 1303 (1978) (providing for garnishment to enforce child support judgments) *repealed by* 9 N.T.C. Subchapter 11 (Supp.1984–85). In disallowing garnishment of wages, the Navajo Tribal Council exercised the same prerogative as the legislative bodies of various states which have also chosen not to provide garnishment as a remedy. Only a

---

**2.** The United States has failed to plead that the wages are located, in any sense, within the state of New Mexico. The Navajo Nation encompasses territories spanning New Mexico, Arizona and Utah. Its capital is at Window Rock, Arizona. We are informed that defendant's husband is an employee of the Navajo Nation, but the pleadings do not specify where his wages are earned. It appears highly likely that the property sought for attachment is not located in New Mexico at all, but in Arizona. However, since I find that attachment is improper on other grounds, I need not reach that issue.

188

clear and unequivocal statement by Congress waiving the Navajo Nation's sovereign powers in this area can enable the federal courts to override these laws. The plaintiff has cited no authority which purports to do so; nor can I find any such statute.

IT IS THEREFORE ORDERED that plaintiff's application for a writ of garnishment is DENIED.