850 P.2d 1028

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Daniel PACHECO, Defendant–Appellant.**

No. 13662.

Court of Appeals of New Mexico.

March 11, 1993.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Don Klein, Jr., Socorro, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals the trial court order disqualifying his counsel. We hold that this order is not a final, appealable order, and dismiss the appeal.

Defendant was one of a number of defendants who were charged with false voting in November 1990. Eleven of these defendants were represented by attorney Don Klein. When a hearing was called in November 1991, neither counsel nor all but one of his clients was present. The district attorney argued to the court that defense counsel should be disqualified because he was causing delays in the cases. Counsel eventually arrived, eight minutes after the hearing commenced, and was asked for an explanation. Counsel argued only that he had difficulty in calendaring these matters. The trial court disqualified counsel from representing all the defendants in these cases. The court found that the delay in the cases was the fault of defendants

through counsel. Defendant appealed the order disqualifying his counsel.

■ Every aggrieved party has the right to one appeal; however, appellate jurisdiction shall be exercised as provided by law. N.M. Const. art. VI, §§ 2, 29 (Repl.Pamp.1992). The phrase "provided by law" means " 'provided by statutes.' " *State v. Watson*, 82 N.M. 769, 772, 487 P.2d 197, 200 (Ct.App.1971). A criminal defendant has the right of appeal "from the entry of any final judgment." NMSA 1978, § 39-3-3(A)(1) (Repl.Pamp.1991). "An order is final if all issues of law and fact necessary to be determined have been determined, and the case has been completely disposed of to the extent that the court has power to dispose of it." *State v. Webb*, 111 N.M. 78, 79, 801 P.2d 660, 661 (Ct.App.), *cert. quashed*, 111 N.M. 164, 803 P.2d 253 (1990). Contrary to Defendant's assertion, finality is an important prerequisite to the right to appeal in New Mexico. There are important policy considerations underlying the finality rule, including avoiding piecemeal appeals and facilitating speedy and orderly disposition of cases. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 240, 824 P.2d 1033, 1042 (1992). This second consideration is particularly important in criminal cases. *See Flanagan v. United States*, 465 U.S. 259, 264-65, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984).

■ In determining whether a judgment is final, this Court must look to its substance and not its form. *See Kelly Inn No. 102*, 113 N.M. at 236, 824 P.2d at 1038. A key in determining finality is the effect the judgment has upon the rights of the parties. *Id.* We do not believe that the disqualification of counsel is a final order. *Flanagan v. United States*. It does nothing but order that counsel may no longer represent the client in a particular case. The disqualification does not conclude the rights of the parties. In fact, the matters between the parties continue.

■ The fact that disqualification of counsel implicates Defendant's constitutional right to counsel does not make the order final and, thus, appealable. Defen-

dant does not have an absolute constitutional right to counsel of his choice; he has the constitutional right to be effectively represented by counsel. *State v. Maes,* 100 N.M. 78, 82, 665 P.2d 1169, 1173 (Ct.App. 1983). Here, there is no indication that Defendant was denied his right to counsel. Therefore, we cannot say at this time that the disqualification had any effect on the rights of Defendant. We think a disqualification of counsel is no different than the denial of a motion to suppress evidence, which also may implicate a defendant's constitutional rights. The denial of a motion to suppress evidence is not appealable. *State v. Garcia,* 91 N.M. 131, 571 P.2d 123 (Ct.App.1977). Likewise, the denial of a motion to dismiss on the grounds of double jeopardy is not appealable as a final order. *State v. Mestas,* 93 N.M. 765, 767, 605 P.2d 1164, 1166 (Ct.App.1980). More particularly, the United States Supreme Court has held that orders disqualifying counsel are not immediately appealable under the collateral-order exception to the final judgment rule. *Flanagan,* 465 U.S. at 270, 104 S.Ct. at 1057.

The order disqualifying counsel is not a final, appealable order. Therefore, this Court has no jurisdiction to hear the appeal and the appeal is dismissed.

**IT IS SO ORDERED.**

APODACA, J., concurs.

DONNELLY, J., specially concurring.

DONNELLY, Judge (specially concurring).

I concur in the result reached by the majority determining that an order of the trial court disqualifying Defendant's retained counsel in a criminal proceeding does not constitute a final appealable order within the contemplation of NMSA 1978, Section 39–3–3(A)(1) (Repl.Pamp.1991), and SCRA 1986, 12–201 (Repl.1992). I write separately, however, to point out that although our decision here is grounded upon the rationale applied by the United States Supreme Court in *Flanagan v. United States,* 465 U.S. 259, 268–69, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288 (1984), determin-

ing that an order disqualifying counsel is a collateral order which fails to qualify as a final appealable order, nevertheless, in New Mexico, by constitutional provision, statute, and Supreme Court rule, a party may seek immediate review of such order by extraordinary writ or writ of error. *See* N.M. Const. art. VI, § 3 (Repl.Pamp.1992); NMSA 1978, § 39–3–5 (Repl.Pamp.1991); SCRA 1986, 12–503, –504 (Repl.1992).

In *Carrillo v. Rostro,* 114 N.M. 607, 616–17 n. 8, 845 P.2d 130, 139–40 n. 8 (1992), our Supreme Court, citing *Flanagan,* noted that an order disqualifying counsel in a criminal case may be reviewable, in an appropriate case, under the collateral order doctrine by a writ of error. *See also State ex rel. Anaya v. Scarborough,* 75 N.M. 702, 706, 410 P.2d 732, 734–35 (1966) (writ of prohibition may issue in criminal proceeding); *State v. Roy,* 40 N.M. 397, 420–22, 60 P.2d 646, 661–62 (1936) (discussing authority of Supreme Court to issue writ of superintending control).

Although the basis for dismissal of Defendant's appeal here does not reach Defendant's challenge to the propriety of the order of disqualification, an order disqualifying Defendant's counsel of choice is a drastic remedy which should be employed only after the trial court weighs the rights and interests involved and when less severe sanctions or alternatives are found to be inadequate. *See Alexander v. Superior Court,* 141 Ariz. 157, 161, 685 P.2d 1309, 1313 (1984) (en banc); *In re Ellis,* 822 S.W.2d 602, 605 (Tenn.Ct.App.1991); *Ussery v. Gray,* 804 S.W.2d 232, 236 (Tex.Ct. App.1991); *see also United States v. Diozzi,* 807 F.2d 10, 16 (1st Cir.1986) (burden is on prosecution to demonstrate that infringement on the defendant's choice of counsel is justified); *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 244, 629 P.2d 231, 320 (1980) (even violation of professional ethics will not automatically result in disqualification of counsel), *cert. denied,* 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981); *Zepeda v. Superior Court,* 7 Cal.App.4th 829, 9 Cal.Rptr.2d 261, 263 (1992) (court's power to disrupt

relationship between attorney and client is narrow); *Anaya v. People,* 764 P.2d 779, 781–83 (Colo.1988) (en banc) (declining to adopt harmless error standard of review where order of disqualification of counsel is found to have been erroneously entered).

Since the right to be represented in a criminal case is of constitutional dimension, *United States v. Mendoza–Salgado,* 964 F.2d 993, 1015 (10th Cir.1992), prior to disqualifying an attorney, the trial court must balance a defendant's interest in being represented by counsel of his choosing, the public interest in the effective administration of justice, and the basic concepts of fundamental fairness. *See United States v. Agosto,* 675 F.2d 965, 970 (8th Cir.1982), *modified on other grounds by Flanagan,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288; *United States v. Rogers,* 471 F.Supp. 847, 853 (E.D.N.Y.1979); *People v. Brady,* 275 Cal.App.2d 984, 80 Cal.Rptr. 418, 423 (1969).

In the instant case, the order of disqualification which is challenged on appeal does not constitute a final appealable order, nor does it satisfy the criteria of a valid interlocutory appeal, and Defendant did not seek to test the propriety of the trial court's order by applying for an extraordinary writ or writ of error.