871 P.2d 1377

**Randy D. PENA, Plaintiff–Appellant,**

v.

**Deborah A. TRUJILLO, Defendant–
Appellee,**

**Bank of New Mexico and First National
Bank, Garnishees–Appellees.**

No. 15,268.

Court of Appeals of New Mexico.

March 2, 1994.

Randy D. Pena, pro se plaintiff-appellant.

Deborah A. Trujillo, pro se defendant-appellee.

Danelle J. Smith, Las Vegas, for garnishees-appellees.

*OPINION*

DONNELLY, Judge.

This case poses the question of whether the denial of a motion for a default judgment against a garnishee is a final, appealable order. Plaintiff seeks to challenge the trial court's denial of his motion for a default judgment against garnishees. In our calendar notice, we proposed to dismiss. Plaintiff has timely filed a memorandum in opposition to the proposed dismissal. Not persuaded by his arguments, we dismiss.

■ Appeals to this Court may be taken only from a final order disposing of the case. *State v. Pacheco*, 115 N.M. 325, 326, 850 P.2d 1028, 1029 (Ct.App.1993). Plaintiff argues that the denial of his motion for a default judgment in the garnishment proceeding is similar to those cases where judgment is entered and attorney fees are allowed by law but have not yet been awarded. In *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 239, 824 P.2d 1033, 1041 (1992), our Supreme Court held that a judgment without an award of attorney fees is a final, appealable order. Plaintiff argues that the garnishment proceeding is ancillary to the original suit in which he was awarded damages. Since it is ancillary, he reasons, a decision denying a default judgment against a garnishee should be considered a final, appealable order. We cannot agree.

■ A garnishment proceeding is a different proceeding arising from Plaintiff's attempt to recover his damage award. *Cf. United States v. Morris*, 754 F.Supp. 185, 187 (D.N.M.1991) (garnishment is ancillary in the sense that it is in aid of execution of a previous judgment, but it is also an independent proceeding involving new parties). Even though it is related to his suit for damages, this proceeding has different parties and a different set of rights and liabilities. Here, there has been no final determi-

nation in the garnishment proceeding regarding the rights and liabilities of the parties. The trial court has simply decided that there is no cause for entry of a default judgment against the garnishees. Contrary to Plaintiff's assertion, the denial of the motion for a default judgment does not dispose of the garnishment proceeding. *See Associates Fin. Servs. Co. v. Crawford County Memorial Hosp., Inc.,* 297 Ark. 14, 759 S.W.2d 210 (1988) (denial of a motion for default judgment against a garnishee is not a final, appealable order); *cf. Alfred v. Anderson,* 86 N.M. 227, 230, 522 P.2d 79, 82 (1974) (unless the jurisdiction of the issuing court is challenged, an order denying a motion to quash writ of garnishment is not a final, appealable order). Thus, the matter is still pending. Plaintiff must proceed with his case and establish that the garnishees have assets to which he is entitled.

The fact that the trial court considered pleadings and matters in the record does not mean that all issues of law and fact have been determined. It means only that the trial court considered what it needed to consider in order to rule on the motion for a default judgment. Having considered those matters, the trial court determined that there was no basis for entry of a default judgment. Other facts going to the right of Plaintiff to collect from the garnishees remain to be determined; all of the issues of fact and law in the garnishment proceeding have yet to be decided. Therefore, we conclude that the order sought to be appealed was not a final order.

For the reasons stated herein and in the calendar notice, we dismiss Plaintiff's appeal.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.