The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **July 19, 2023**

**No. A-1-CA-40466**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellant,

v.

**CAROLYN ARCHULETA,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt M. Baca Miller, District Court Judge**

Raúl Torrez, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**MEDINA, Judge.**

{1} The State appeals the district court's order dismissing the charges against Defendant Carolyn Archuleta without prejudice after finding Defendant was incompetent to proceed to trial but not dangerous under the New Mexico Mental Illness Code (NMMIC), NMSA 1978, Section 31-9-1.2(B) (1999) and Rule 5-602.2(D) NMRA. The State argues that the district court erred when determining that the New Mexico Rules of Evidence applied to the dangerousness hearing and excluded the State's evidence of other criminal complaints to establish dangerousness. Unpersuaded, we hold that the district court correctly held that the New Mexico Rules of Evidence apply to dangerousness hearings under Section 31-9-1.2 and Rule 5-602.2. We therefore affirm.

**BACKGROUND**

{2} A criminal information charged Defendant with battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971), and assault upon a peace officer, contrary to NMSA 1978, Section 30-22-21(A)(1) (1971). Defendant was released under the condition that she report to pretrial services. Defendant was subsequently arrested and charged with another count of battery upon a peace officer. The State moved to revoke Defendant's conditions of release based on the new charge and Defendant's failure to comply with pretrial services in the present case. The district

court denied the motion, but did amend Defendant's conditions of release. Pretrial services later requested a noncompliance hearing. Defendant moved for a competency evaluation to determine if she was competent to stand trial. The district court granted the motion, ordered a competency evaluation and revoked Defendant's conditions of release. The district court later released Defendant to the custody of her son pending the results of the competency evaluation.

{3}     Upon completion and receipt of Defendant's competency evaluation, and with the State and Defendant's stipulation, the district court accepted the results finding Defendant incompetent to proceed.

{4}     Under the NMMIC, after a finding of incompetency, the district court may dismiss the case without prejudice if it "does not find that the defendant is dangerous." Section 31-9-1.2(A). "[D]angerous means that, if released, the defendant presents a serious threat of inflicting great bodily harm on another or violating [NMSA 1978,] Section 30-9-11 [(2009) (criminal sexual penetration)] or [NMSA 1978, Section] 30-9-13 [(2003) (criminal sexual contact of a minor)]." Section 31-9-1.2 (D). However, if a defendant is found to be both incompetent and dangerous, the defendant may be involuntarily committed pending further proceedings. *See* § 31-9-1.2(B). The procedure for a dangerousness hearing and following proceedings are outlined in Rule 5-602.2—proceedings after a finding of incompetency. *See* Rule 5-602.2(D), (F).

{5}     The State filed a notice of intent to raise dangerousness and filed a witness list for the dangerousness hearing. The first dangerousness hearing was vacated and rescheduled in order to provide Defendant additional time to conduct pretrial interviews. During this time, Defendant was charged in a third case with two counts of indecent exposure, contrary to NMSA 1978, Section 30-9-14.3(A)(1) (1996); and two counts of assault, contrary to NMSA 1978, § 30-3-1(A) (1963).

{6}     At the dangerousness hearing, the State attempted to introduce into evidence copies of Defendant's three criminal complaints and a printout of Defendant's criminal history. The State also notified the district court that it would not be calling witnesses to testify. Defendant objected to the use of the State's exhibits, pointing out that the criminal complaints consisted of hearsay statements from officers that incorporated the hearsay statements of witnesses not present to testify in court. According to Defendant, the complaints constituted hearsay with no foundation in sworn testimony, and therefore introducing the criminal complaints into evidence violated the New Mexico Rules of Evidence. *See* Rule 11-802 NMRA (stating that hearsay is not admissible except as provided by a rule or statute). The State argued that the Rules of Evidence did not apply to competency or dangerousness hearings because a dangerousness hearing is a preliminary determination to involuntary commitment. Because the Rules of Evidence do not apply to some other preliminary

determinations, the State argued, the Rules of Evidence should not apply at a dangerousness hearing.

{7} The district court agreed with Defendant, finding that the "New Mexico Rules of Evidence apply to all criminal proceedings under Rule 11-1101(B) NMRA." The district court relied as well on the statement in NMSA 1978, Section 31-9-1.5(A) (1999), which allows the admission of hearsay evidence solely on "secondary matters to establish chain of custody, district court records, and business records," to conclude that "the rules of evidence apply in dangerousness hearings." The district court also found that, because a dangerousness finding could result in confinement for "the maximum jurisdiction of the charges," the finding of dangerousness requires greater due process protections for the defendant than are permissible in other proceedings. The district court therefore excluded the State's proposed evidence. Because the State did not produce any other evidence or call any witnesses, and none of the crimes Defendant was charged with committing involved great bodily harm or criminal sexual penetration or contact, the district court found the State failed to show by clear and convincing evidence that Defendant was dangerous and dismissed the matter without prejudice pursuant to Section 31-9-1.2(A). This appeal followed.

**DISCUSSION**

{8} The State's appeal raises an issue of first impression, requiring that we determine whether the Rules of Evidence apply to a dangerousness hearing under

Section 31-9-1.2 and Rule 5-602.2. This appeal presents questions of statutory and rule interpretation, which we review de novo. *See State v. Stephen F.*, 2006-NMSC-030, ¶ 7, 140 N.M. 24, 139 P.3d 184; *State v. Warford*, 2022-NMCA-034, ¶ 21, 514 P.3d 31.

{9} "Our primary goal when interpreting statutory language is to give effect to the intent of the Legislature." *Warford*, 2022-NMCA-034, ¶ 22 (alteration, internal quotation marks, and citation omitted). "The plain language of the statute is the primary indicator of legislative intent, so we look first to the words the Legislature used and their ordinary meaning." *State v. Gutierrez*, 2007-NMSC-033, ¶ 30, 142 N.M. 1, 162 P.3d 156. "Under the plain meaning rule, when a statute's language is clear and unambiguous, we will give effect to the language and refrain from further statutory interpretation." *State v. Hubble*, 2009-NMSC-014, ¶ 10, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citation omitted). In applying the plain meaning rule, we additionally consider the "context surrounding a particular statute, such as its history, its apparent object, and other [related] statutes." *State v. Cleve*, 1999-NMSC-017, ¶ 8, 127 N.M. 240, 980 P.2d 23. "Finally, in giving effect to the plain meaning of the rule, we take care to avoid an absurd or unreasonable result." *State v. Ayon*, 2022-NMCA-003, ¶ 7, 503 P.3d 405, *cert. granted* (S-1-SC-38937, Jan. 11, 2022). "In interpreting procedural rules, we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance

5

with their plain meaning" to determine the intent of our Supreme Court. *Id.* (internal quotation marks and citation omitted).

{10}    We begin with the language of the Rules of Evidence. Rule 11-1101(A)-(B) states that the Rules of Evidence apply in all "criminal cases and proceedings" before the district court. However, Rule 11-1101(D) specifies it does not apply to the following:

> (1)    the court's determination, under Rule 11-104(A) NMRA, on a preliminary question of fact governing admissibility;
>
> (2)    grand jury proceedings, and
>
> (3)    miscellaneous proceedings, such as
>
> (a) extradition or rendition,
>
> (b) issuing an arrest warrant, criminal summons, or search warrant,
>
> (c) sentencing by the court without a jury,
>
> (d) granting or revoking probation or supervised release,
>
> (e) considering whether to release on bail or otherwise,
>
> (f) dispositional hearings in children's court proceedings, and
>
> (g) the following abuse and neglect proceedings:
>
> (i) issuing an ex parte custody order;
>
> (ii) custody hearings;
>
> (iii) permanency hearings; and

6

(iv) judicial review proceedings.

{11} There is no dispute that a competency and dangerousness hearing is a criminal proceeding under Section 31-9-1.2. *See State v. Rotherham*, 1996-NMSC-048, ¶¶ 15-17, 122 N.M. 246, 923 P.2d 1131 (describing the competency and commitment process under the NMMIC as a criminal commitment in contrast to the state's ability to bring civil commitment proceedings if the state fails to prove its case under the NMMIC); *State v. Webb*, 1990-NMCA-077, ¶ 6, 111 N.M. 78, 801 P.2d 660 (stating that a determination of competency and dangerousness that results from a criminal complaint is a criminal matter). As such, under the plain language of Rule 11-1101(B), the Rules of Evidence apply unless a dangerousness hearing falls into one of the listed exceptions. *See* Rule 11-101 NMRA ("These rules govern proceedings in the courts of the State of New Mexico, to the extent and with the exceptions stated in Rule 11-1101.").

{12} The plain language of the exceptions listed in Rule 11-1101(D) do not include a dangerousness hearing under Section 31-9-1.2 and Rule 5-602.2. The only exception the State argues applies here is Rule 11-1101(D)(1). The State argues that a finding of dangerousness is a preliminary determination of fact for commitment, and therefore is a preliminary question under Rule 11-1101(D)(1) and Rule 11-104(A). But this Court has held that the term "preliminary question[s]" contemplated in Rule 11-1101(D)(1) and Rule 11-104 "refer[s] to evidentiary issues that are

7

decided by the judge." *State v. Delgado*, 1991-NMCA-064, ¶ 12, 112 N.M. 335, 815 P.2d 631 (defining "preliminary matters" as used in Rule 11-104(D)); *see also State v. Farrington*, 2020-NMSC-022, ¶ 35, 476 P.3d 1231 ("Rule 11-104(A) directs that the [district] court must address preliminary questions about admissibility."). The State is correct that dangerousness is a determination that must be made before criminal commitment. *See* Rule 5-602.2(F)(1); § 31-9-1.2(B). But simply because dangerousness is a requirement to commitment does not mean that is a "preliminary question of fact governing admissibility" of evidence. Rule 11-1101(D)(1). Indeed, it plainly is not.

{13}     The State also argues that a dangerousness hearing is similar to other pretrial hearings that do not apply to the Rules of Evidence. The State cites to Rule 5-403 NMRA—revocation or modification of release orders—and Rule 5-212 NMRA—motions to suppress—to support its argument that the Rules of Evidence do not apply to dangerousness determinations. We do not find these comparisons persuasive. Rule 5-403 specifically provides that the Rules of Evidence do not apply to hearings on revocation or modification of release orders. *See* Rule 5-403(G) (stating that the Rules of Evidence "shall not apply to the presentation and consideration of information at any hearing under this rule"). In this context, "the more specific statute"—Rule 5-403's specific rejection of the Rules of Evidence—"will prevail over the more general statute"—Rule 11-101's general applicability—

8

"absent a clear expression of legislative intent to the contrary." *State v. Santillanes*, 2001-NMSC-018, ¶ 7, 130 N.M. 464, 27 P.3d 456. The State points to no specific statement limiting the applicability of the Rules of Evidence, akin to Rule 5-403, that applies to determinations of incompetency and dangerousness.

{14} The State's other comparison, a motion to suppress, comes under the exception in Rule 11-1101(D)(1) for "preliminary question[s] of fact governing admissibility" of evidence because a motion to suppress addresses whether the evidence at issue is admissible at trial. *See State v. Doran*, 1986-NMCA-126, ¶ 21, 105 N.M. 300, 731 P.2d 1344 (stating "the Rules of Evidence do not apply to pretrial suppression hearings" and citing to a previous version of Rule 11-104(A) and 11-1101(D)(1)); *see also* Rule 5-212 comm. cmt. (stating the rules of evidence do not apply, and citing Rule 11-1101(D)(1) and Rule 11-104(A)). The determination of dangerousness, in contrast, is a substantive determination of fact at the center of the matter being heard by the district court, not a question about the admissibility of evidence. *Cf. In re Darcy S.*, 1997-NMCA-026, ¶ 12, 123 N.M. 206, 936 P.2d 888 (holding that the Rules of Evidence applied to a transfer hearing because in a transfer hearing, the district court's "determin[ation] whether the child is amenable to treatment or rehabilitation as a child and whether there are reasonable grounds to believe that the child committed the delinquent act, . . . are not questions of fact

preliminary to admissibility of evidence" (emphasis, internal quotation marks, and citation omitted)).

{15} The State cites as well to Rule 5-409 NMRA—the rule governing pretrial detention—to support its argument. But again this comparison is unpersuasive. Rule 5-409(F)(5) explicitly disclaims the use of the Rules of Evidence at a pretrial detention hearing, stating that "[t]he New Mexico Rules of Evidence shall not apply to the presentation and consideration of information at the hearing." Relying on Rule 11-1101, our Supreme Court stated that Rule 5-409(F)(5) "is consistent with our Rules of Evidence . . . that have long provided that the rules do not apply to considering whether to release on bail or otherwise." *State ex rel. Torrez v. Whitaker*, 2018-NMSC-005, ¶ 80, 410 P.3d 201 (omission, internal quotation marks, and citation omitted).

{16} In contrast, Rule 5-602.2, the rule governing proceedings after a finding of incompetency, does not exempt a dangerousness hearing from the Rules of Evidence. Rule 5-602.2 limits the scope of what the district court can consider, restricting the evidence the district court may rely on based on its relevance: specifying that the district court "shall take into account only evidence relevant to whether the defendant presents a serious threat of inflicting great bodily harm on another or of violating Section[s] 30-9-11 or . . . 30-9-13." Rule 5-602.2(D). Significantly, this provision does not include a waiver of the Rules of Evidence. Rule

5-602.2(H) is the only provision in Rule 5-602.2 that explicitly waives the application of the hearsay rules. That waiver, which applies if the State pursues commitment after a finding of dangerousness, extends only to allow the district court to "admit hearsay or affidavit evidence on secondary matters as permitted by law." Rule 5-602.2(H); *see also* § 31-9-1.5(A) ("The district court may admit hearsay or affidavit evidence on secondary matters such as testimony to establish the chain of possession of physical evidence, laboratory reports, authentication of transcripts taken by official reporters, district court and business records and public documents."). We see no language in Rule 5-602.2 expressing an intention other than to apply the Rules of Evidence to each of the proceedings unless explicitly stated otherwise.

{17} The State acknowledges that Rule 5-602.2 and Section 31-9-1.2 do not contain a specific provision disclaiming the Rules of Evidence, unlike Rule 5-409(F)(5). Despite this, the State argues we should apply the same evidentiary standards to dangerousness hearings as pretrial detention hearings because these hearings involve the same purpose. The State argues that, like pretrial detention, a finding of dangerousness allows a defendant to be held for a finite period of time pending treatment to competency or until another hearing on criminal commitment. Section 31-9-1.2(E) (requiring a report filed within thirty days of a defendant's admission to a facility on the defendant's amenability to treatment to competency and the

11

probability of the defendant attaining competency within a period of nine months from the date of the original finding on incompetency). Any similarity of purpose between the two is insufficient to assign Rule 5-409's disclaimer of the Rules of Evidence onto Rule 5-602.2 and Section 31-9-1.2. *See State v. Lucero*, 1992-NMCA-103, ¶ 6, 114 N.M. 460, 840 P.2d 607 ("When there are provisions in analogous statutes that a party contends should be present in the statute at issue in the case, we utilize the process of negative inference to reason that the absence of such provisions in the statute at issue is intentional."). Further, the State's argument requires us to read language into Rule 5-602.2 and Section 31-9-1.2 disclaiming the Rules of Evidence, which we will not do in the face of the plain language of Rule 5-602.2, Section 31-9-1.2, and Rule 11-1101(D) to the contrary. *See State v. Penman*, 2022-NMCA-065, ¶ 21, 521 P.3d 96 (stating that this Court will not read language into a statute that is not there).

{18} Our holding here is supported by this Court's previous application of the Rules of Evidence to a dangerousness hearing under Section 31-9-1.2. *See State v. Montoya*, No. 32,682, mem. op. ¶¶ 11-12 (N.M. Ct. App. Jan. 29, 2014) (nonprecendential) (applying the Rules of Evidence to determine relevance in order to comport with Section 31-9-1.2(D)).

{19} Finally, the State also argues that we should hold the Rules of Evidence do not apply because the initial determination of competency and dangerousness are

nonfinal for purposes of appeal, but are instead preliminary determinations for a finite amount of time under Section 31-9-1.2. *See Webb*, 1990-NMCA-077, ¶ 13 (concluding that "the orders finding [the] defendant dangerous and incompetent to stand trial from which he appealed are not final orders subject to appellate review"). The State contends that the preliminary nature of the dangerousness determination is what makes Section 31-9-1.2 and Rule 5-409 "counterparts." We fail to see why the preliminary nature of the two proceedings means that, as the State puts it, "The same evidentiary standards should apply to each." The State points to no authority to support such a proposition.

{20}     Based on the foregoing, we hold that the Rules of Evidence apply to dangerousness hearings under Section 31-9-1.2 and Rule 5-602.2. A dangerousness hearing is a criminal proceeding that does not fall into a listed exception to the Rules of Evidence under Rule 11-1101(D) and Rule 5-602.2 does not exempt itself from the Rules of Evidence. As such, we affirm the district court's dismissal without prejudice of the charges against Defendant after excluding the State's proposed evidence as a violation of the Rules of Evidence.

**CONCLUSION**

{21}     For the reasons explained above, we affirm.

{22}     **IT IS SO ORDERED.**

                                   _____
                                   **JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

_____
**JANE B. YOHALEM, Judge**

_____
**KATHERINE A. WRAY, Judge**

14